JACKSON, ex dem. SCOTT, against HUNTLEY.

THIS was an action of ejectment, for lot No. 83. in the township of Cincinnatus.

The cause was tried at the Onondaga circuit, in September, 1803, before the chief justice.

At the trial, the plaintiff produced in evidence, letters patent from the state to John Smith, a serjeant, dated 9th July, 1790; a deed from Smith to Solomon

A. having a title to a lot of land in the county of Onondaga, directed B. to take charge of the lot and sell it, and B. went on the lot occasionally to show it. C. also claimed the lot, and the claims of the parties were litigated before the commissioners, who, on the 20th January, 1802, made an award in favour of C. and in July, 1802, about half an acre of the lot was cleared and fenced by the order of A. and logs cut and laid as the foundation for a house, which was not, however, built or occupied; in March, 1802, A. filed his dissent to the award, and brought an action in 1807; it was held, that the acts of A. did not constitute an actual possession of the lot, within the meaning of the act to settle disputes concerning titles in Onondaga county, so as to oblige C. to bring his action within three years; and that the land being vacant, A. was not bound to bring his action within the three years, the act not extending to the case of a vacant possession; and that, therefore, neither party being barred, they must stand on the strength of their respective titles.

and *Zenas Coles*, dated *December* 19th, 1798, for the consideration of 775 dollars; a deed from *S.* and *Z. Coles* to the lessor, dated *January* 20th, 1804, for the consideration of 696 dollars.

A witness for the plaintiff testified, that the defendant was in possession of part of the lot, being about 30 acres, in the south-west corner; and he claimed the whole lot, no other person being in possession.

The defendant gave in evidence an *award* of the *Onondaga* commissioners, dated *January* 20, 1802, in favour of *Shubael Cole*, for 50 acres in the south-west corner of the lot, in a square; an *award* of the same commissioners, the 25th *January*, 1802, for the remaining 550 acres of the same lot, in favour of *Britton Payne*, under whom the defendant claims. This last award was made, after the title was litigated before the commissioners. The fifty acres excepted, were sold by the surveyor-general to pay expenses of survey.

The plaintiff, then gave in evidence a *dissent* to the award of the commissioners by *Solomon* and *Zenas Coles*, dated the 14th *March*, 1803, and duly filed. It also appeared in evidence, that in the summer of 1801, *S.* and *Z. Coles*, employed *Samuel Coe* to take care of the lot, and to sell it; that afterwards, *Britton Payne* applied to *Coe* about the lot, and showed him the award of the commissioners. An improvement had been made in the lot in *June* or *July*, 1802, by order of *S.* and *Z. Coles*, by clearing about a half acre, and fencing it, and cutting logs, and laying the foundation of a log-house. No improvements had been made before. In the same year some further improvement was also made on the lot. When the defendant purchased, he knew the situation of the lot, and of the contending claims, having been informed thereof in *April*, 1806. *S.* and *Z. Coles* had authorized *Payne* to sell the lot, and he had frequently, at least two or three times a year, for three or

four years, gone on the lot to show it to purchasers, in behalf of *S.* and *Z. Coles.*

NEW-YORK,
Nov. 18 10.

The present suit was commenced in 1807. A verdict was taken for the plaintiff, subject to the opinion of the court, on a case containing the facts above stated.

JACKSON
v.
HUNTLEY.

*Gold,* for the plaintiff. By the seventh section of the *act to settle disputes concerning titles to lands in the county of Onondaga,*\* if the party dissenting from the award of the commissioners shall be in the *actual possession* of the premises, the award is of no effect; and the party in whose favour it was made is driven to bring his action of ejectment within three years. It is enough if the party was in possession at the time of the dissent, though not in possession at the time of the award. The act does not require an *adverse* possession; and slight evidence of possession or occupation must be deemed sufficient. *S.* and *Z. Coles* did every thing in their power to take and keep possession. They employed an agent for several years, to go on the land from time to time, and show it to such persons as wished to become purchasers. These acts would be sufficient to avoid a fine. The words *actual* possession are used in contradistinction to a *constructive* possession, arising from a title by deed, and the operation of the statute of *uses.* There was no act of ownership or possession by *Payne,* that would enable *S.* and *Z. Coles* to maintain an action of ejectment against him. The land was vacant; and *S.* and *Z. Coles,* having a legal title, had a right to enter, as the award would have no effect on his title, until after three years. The acts of possession on their part were, after the award, and before the expiration of the time, limited for entering their dissent. It will be evident, from an attentive examination of the act, particularly the 7th section, that the possession spoken of has reference to the time of dissent, and not to the time of

\* *Laws of N. Y.* 20 sess. c. 51.

the award. Again, the plaintiffs have shown a legal title; all bars to right are to be construed strictly, and all proceedings variant from the common law are to be taken strictly.

*E. Williams*, contra. The act declares the award of the commissioners to be conclusive, unless the person conceiving himself aggrieved by it, shall file his dissent, within two years; and shall also, if not in actual possession, bring his action in three years after the award. The award is conclusive in two years, unless a dissent is entered; and the party dissenting, if not in possession, must bring his action in three years. The limitation has reference to the award, as the time of its commencement. Now the present suit was not brought until 1807.

Actual possession means real occupancy; not merely going on the land to show it, or felling a few trees.

It is said, that there was no person in possession against whom the plaintiff could bring his action of ejectment. Against whom, then, could the defendant have brought his action? *Samuel Coe* was a mere occasional trespasser, not in possession. If the land was vacant, the plaintiff might have proceeded as for a vacant possession.

YATES, J. delivered the opinion of the court. Two questions arise on this case:

1. Whether the party claiming under the award ought not to have instituted a suit against the lessor of the plaintiff, or the persons under whom he claims, in consequence of the alleged possession in 1801 and 1802, to prevent the operation of the statute?

2. Whether the lessor of the plaintiff, or the persons under whom he claimed, was not bound in consequence

of the dissent filed to institute a suit within three years after making the award?

The confused situation of the titles to property, in what is generally called the *military tract*, produced the law entitled, " An act to settle disputes concerning the title to lands in the county of *Onondaga*," whereby commissioners were appointed to adjust those titles; and to secure the benefits intended by their decision, the law was so framed as to prevent an infringement of that part of the constitution prohibiting the organization of courts, other than those recognised by the constitution, in securing to the party conceiving himself aggrieved, the right of appealing from the determination of the commissioners to those courts, to be prosecuted within a limited time. The *third* section of this act states, " that the award or determination of the *Onondaga* commissioners, shall, after the expiration of two years after the making thereof, become binding and conclusive on all persons, except such as conceiving themselves aggrieved by any such award or determination, shall, within the said two years, dissent from the same, and give notice thereof to the said commissioners, or file the same in the office of the clerk of the county of *Onondaga;* and shall also, if not in the actual possession of such land, within three years after such award or determination, commence a suit or suits, either at law or in equity, to recover the land, or to establish his or her right to the same; and shall prosecute such suit or suits to effect; in which case such award or determination shall not operate as a bar to such suit or suits; but if no such suit or suits are brought within the times aforesaid, and prosecuted to effect, then the said award or determination of the commissioners shall be final and conclusive."

By this section of the act, the party in whose favour the award is given, or the party dissenting, must be in

NEW-YORK,
Nov. 1809.

JACKSON
v.
HUNTLEY.

actual possession of the premises awarded, at some period before the limitation expires, or the statute cannot attach. From the testimony disclosed in this case, it does not appear that either of the parties, or the persons under whom they claim, were in the actual possession of any part of the lot, at the date of the award, or subsequently, within the periods limited for the prosecution of suits by either of the parties. The mere directions of S. and Z. Coles to Samuel Coe, to take care of and sell the lot, before the date of the award, and their subsequent directions and procurement, of what is called in the case an improvement, not more than half an acre, by cutting down trees and fencing, and laying the bottom logs of a house, without any further attention to it, and wholly unaccompanied by any other acts, is not the actual possession necessary to satisfy the meaning of the statute. It ought to have been an actual entry, and a possession continued under it. Nothing like this appearing, it must be deemed wholly insufficient to create the obligation on the part of the defendant to institute the suit within the time limited.

The seventh section of the act states, " that if the party dissenting in any of the cases mentioned in the said act, shall be in the actual possession of the premises, then, and in every such case, the award or determination of the said commissioners, so dissented from, shall, as to the party so dissenting, be considered as of no effect; and in every such case, unless the party in whose favour such award or determination shall be made, shall, within three years after such award is made, commence a suit, either at law or in equity, to recover the land, or to establish his or her right to the same, and shall prosecute such suit with effect, then such person in whose favour such award or determination is made, and his or her heirs shall for ever be barred," &c.

It is contended, on the part of the defendant, that by this section of the act, the lessor of the plaintiff having entered his dissent, by the persons under whom he claims, within the period of two years after the award, and no suit having been instituted until after the defendants came into possession of part of the premises, and upwards of three years after the dissent was filed, they are now concluded. This, I think, is not the sound construction of the statute. Taking this section in connection with the third, it is manifest that the legislature intended to secure to the party claiming adversely, an opportunity to assert his or her title to the premises; yet if the interpretation contended for be correct, the party dissenting must proceed as for a vacant possession. This could never be the intention of the law. No possible benefit could thereby result to the party claiming adversely to the award. Being out of possession, he might be concluded without an opportunity to controvert the title, for the want of notice of such proceedings.

It does not appear that either of the parties had been in possession, until upwards of three years after the dissent was filed; and no construction, according to the evident meaning of the statute, will comprehend the case of a vacant lot. Thus circumstanced, the parties must depend on the strength of their respective titles. The defendant, on the trial, relied on the award; and the plaintiff having adduced a perfect title, the verdict ought to stand, and the judgment be rendered accordingly.

Judgment for the plaintiff.