# REPORTS

OF

## CASES ARGUED AND DETERMINED,

### JANUARY TERM, 1843.

~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~

## THE BRANCH BANK AT DECATUR v. KINSEY.

1. A bill of exceptions allowed and sealed by the Court, becomes a part of the record, and cannot be altered or amended by the Judge after the adjournment of the Court.

2. In a contest between a creditor and one claiming by deed from the debtor, the consideration is not proved by the recital in the deed, but must be shown by extrinsic evidence.

ERROR to the Circuit Court of Lawrence.

Original attachment v. Joshua T. Kinsey, by the plaintiff in error, which was levied on certain slaves. To the property thus levied on, John M. Kinsey set up a claim, by affidavit, under the statute, and gave bond to try the right of property ; and the cause coming on to be tried, a verdict and judgment was rendered for the claimant.

Pending the trial, a bill of exceptions was taken, from which it appears, that the Bank proved the slaves in controversy to have been in the possession of the defendant in the attachment, at the time of the levy by the sheriff, and also proved the value of the property.

The claimant then introduced, and proved the execution of, a bill of sale, dated the 19th June, 1841, from the defendant in attachment to him, conveying the slaves levied on, and others, to him, for the sum of three thousand three hundred dollars, recited in the instrument, to have been received in full payment for the same, but without proving the consideration therein specified.

To the admission of which, as evidence, without proof of the facts recited in it, the plaintiff excepted ; which motion the Court overruled, and permitted the same to be read to the jury as *prima facie* evidence of the consideration therein recited.

To this decision of the Court, the plaintiff excepted, and prayed that his bill of exceptions might be sealed and made a part of the record ; and it was accordingly signed and sealed by the presiding Judge.

A second bill of exceptions is found in the transcript, which recites, that " Whereas, at the trial of this cause, which was a trial of the right of property, of which defendant was claimant, a bill of exceptions was hastily prepared on the eve of adjournment, and signed and sealed by the Court, without having been either seen or examined by the leading counsel for the defendant, in which occurred several errors and omissions in the statement of the evidence, and the purpose of the Court is now to correct these errors, and place the case in *its* true position. The bill of exceptions, as signed and sealed by the Court, on the trial of the cause, runs thus."

[Here follows a literal copy of the bill of exceptions.]

" In lieu thereof, the Court now substitutes the following bill of exceptions, at the instance of defendant's counsel, who was not consulted at the preparation of the first, and which contains, substantially, all the evidence adduced on the trial of the cause, in the order in which it was presented."

The bill of exceptions, thus presented, states, in substance, that the claimant proved that the slaves levied on, were in his possession, by his overseer, at the time of the levy, and that the defendant in attachment was living on the plantation, by the sufferance of the claimant.

And that further, after reading the bill of sale to the jury, he proved by the subscribing witness, that the consideration therein expressed, had, in fact, been paid by the claimant to the defendant, &c. dated 30th of November, 1842.

The plaintiff assigns for error, that the Court erred in admiting the evidence offered by the claimant, as set out in the bill of exceptions.

McClung, for plaintiff in error.
S. Parsons, *contra.*

ORMOND, J.—Previous to an examination of this cause, it is necessary to settle which of the two bills of exceptions found in the record, is to be considered by this Court as the true bill of exceptions in the cause.

The manner in which a bill of exceptions shall be taken, and its effect when allowed by the Court, are regulated by statute. " If in the trial of any cause, either the plaintiff or defendant shall think himself aggrieved by the direction or decision of any Judge of any of the Courts in this Territory, the party so considering himself aggrieved, may, in person or by his counsel, tender to the Judge giving such direction or decision, a bill of exceptions to his opinion, stating the points in which he is supposed to err, and the said Judge shall be bound to sign and seal the same ; and the said bill of exceptions, so signed and sealed, shall be made and considered a part of the record in the cause ; and in case the said Judge shall refuse to sign and seal the said bill of exceptions, if the facts therein are truly stated, he shall be guilty of a high misdemeanor in office ; and in all cases in which the Judge of an inferior court may fail or refuse to certify any exception taken on the trial of any cause, it shall be lawful for the Supreme Court to receive such evidence of the exception as may be satisfactory to it, and try the said cause in the same manner as if the said exception had been certified by the Judge who tried the cause." [Aik. Dig. 254, § 5.]

It will be seen from this, that when a bill of exceptions is allowed and sealed by the Judge, it becomes a part of the record, and being matter of record, is as much beyond his control, after the adjournment of the Court, as any other part of the record.

It is true, that in Strader, Perine & Co. v. Alexander, [9th Porter, 441,] it was held by this Court, that it was not a valid objection to a bill of exceptions that it was sealed after the adjournment of the Court, if the exception be taken at the trial of the cause; and that when so sealed, it operates by relation to the time of the

trial. But this decision is confined to those cases, when the point or matter excepted to, is reserved at the time of trial, and from some sufficient cause the bill is not sealed during the term of the Court; and cannot apply to a case like the present, where the exception was not only taken and allowed, but the bill actually sealed, and thus made a part of the record. To permit it to be abrogated, and another substituted in its place, after the Court has adjourned, by the Judge, would let in all the evils which would follow, from the mutilation of any other part of the record; though it would, doubtless, be competent for the Court, at a succeeding term, on sufficient evidence, to amend a bill of exceptions, as it could any other part of the record, *nunc pro tunc ;* so as to make it speak the truth of the case.

Cases may exist, in which, a bill of exceptions surreptitiously or fraudulently obtained from the Court, would, on proof of the fact, be disregarded by this Court. Nothing of that kind is pretended in this case. The facts doubtless, are, that the first bill of exceptions was sealed without sufficient consideration, and the second is the result of an attempt to ward off any mischief which might result from it. From what has been said, however, it will sufficiently appear that the first bill of exceptions, sealed during the term, can alone be considered as part of the record.

The facts there disclosed, show, that the Court erred. A voluntary conveyance of property is void as against creditors; in a contest, therefore, between a creditor and one claiming through the debtor, it is necessary for the latter to prove that the conveyance was not voluntary, by showing that a valuable consideration was given for the property. This is not shewn by the recital of that fact in the conveyance, as that is the mere declaration, or admission of the grantor, but must be proved by extrinsic evidence.

This is not questioned by the counsel for the defendant in error, but he insists that the true construction of the bill of exceptions is, that the objection in the Court below was, that the conveyance could not be read until the consideration was proved, and not that it was not necessary to prove the consideration, at some time during the trial.

It is certainly the privilege of a party to present his testimony in the mode his judgment or fancy may dictate, and if relevant, it cannot be objected to, although it may be of no avail without fur-

ther proof. So in this case, the defendant could have proved the execution of his conveyance, and read it to the jury, and afterwards have proved its consideration, and indeed this would seem to be the natural order in which to present it.

But we do not understand this to be the point intended to be raised on the bill of exceptions. The statement is, that the claimant proved the execution of the deed, and offered to read it to the jury ; " to the admission of which, as evidence of the facts recited in it, without further proof, the plaintiff, by his counsel objected, and moves the Court to exclude the same from the jury ; which motion the Court overruled, but admitted the same to be read to the jury as *prima facie* evidence of the *consideration* therein specified, without further proof thereof."

It would be doing great violence to the language here employed, and to the ordinary rules of interpretation, to understand the objection here raised to be to the *time* merely, when the instrument was offered to be read as evidence, and not to the necessity of proving the consideration expressed on its face. Indeed, the presumption that any proof of the consideration was made, is excluded by the declaration of the Court, that the recital of the consideration in the conveyance, was *prima facie* evidence of that fact, and the subsequent statement in the bill of exceptions, that therefore it was read to the jury for that purpose, without *further* proof.

Let the judgment be reversed, and the cause remanded.