# CARTER v. CASTLEBERRY.

1. The statute of frauds declares that every gift, conveyance, &c., of lands, &c., to delay, hinder, &c., creditors, or to defraud purchasers, shall be "utterly void;" and a subsequent *bona fide* purchaser, may impeach such conveyance, and show its invalidity, as well at law, as in equity.

WRIT of Error to the Circuit Court of Pike.

This was an action of trespass, brought by the plaintiff in error to try titles to, and recover the possession of several tracts of land situate in the county of Pike. The cause was tried on the plea of "not guilty," and a verdict found for the defendant, on which a judgment was rendered. At the trial, the plaintiff excepted to the ruling of the presiding judge. The bill of exceptions recites that one Shaw, had purchased the lands in controversy of the United States; subsequently thereto, a judgment had been rendered against Shaw, in the circuit court of Pike, and under a writ of *fieri facias* duly issued thereupon, the plaintiff purchased the lands at a sale regularly made by the sheriff. The plaintiff also produced the sheriff's deed, and proved the refusal of the defendant to deliver to him the possession of the land.

The defendant claimed title through Shaw, under a deed in fee from the latter to one Armstrong, executed previous to the rendition of the judgment. The plaintiff, then, to show, that the deed under which defendant claimed, should not defeat a recovery by him, proved several facts and circumstances (all of which are particularly stated in the bill of exceptions,) tending to show that the deed from Shaw to Armstrong, was fraudulent, and so intended by the parties thereto. In relation to this latter evidence "the court held, that though said deed might have been made to defraud creditors and purchasers, yet it could not thus, at law, be collaterally impeached by the plaintiff, and excluded all rebutting evidence; and the plaintiff excepted to the exclusion as error, and reserving his right to prosecute his writ of error, declined offering more evidence, and consented to a verdict for the defendant. And the plaintiff prays that the court may sign and seal this bill of exceptions, and make it a part of the record; and it is done." The bill of exceptions as certified, appears to be duly signed and sealed by the judge who presided.

Buford, for the plaintiff in error.

Belser, for the defendant. The bill of exceptions is insufficient to authorise a revision of the only question intended to be raised. [Aik. Dig. 254, § 5.]

All sealed instruments import a consideration, [15 Wend. Rep. 502; 21 ib. 166; 8 Cow. Rep. 290; 2 Johns. 177; 20 ib. 130.]

A purchaser at a sheriff's sale, obtains only such title as the defendant in execution had.

COLLIER, C. J.—The act of 1814, which was cited for the defendant in error, from Aiken's Digest, 254, only requires that the party supposing himself aggrived by the direction or decision of any judge against him, shall tender his bill of exceptions, stating the points wherein the judge is supposed to have erred; and the judge shall be bound to sign and seal the same, and the bill of exceptions so signed and sealed, shall be made and considered a part of the record in the cause. The bill of exceptions in the present case, states the point intended to be reserved with clearness, is signed and sealed by the presiding judge, and we think conforms to the statute.

The question raised in the circuit court, and on which the opin-

ion of this court is asked, is, can a subsequent *bona fide* purchaser for a valuable consideration, in an action at law, between himself and a previous fraudulent grantee, or the assignee of the latter, be permitted to show fraud in the previous conveyance? The second section of the act, commonly called the statute of frauds, expressly declares that every gift, grant or conveyance of lands, &c. made with the intent to delay, hinder or defraud creditors, or to defraud or deceive those who shall purchase the same lands, &c., shall be "clearly and utterly void." [Aik. Dig. 207.] This section is substantially a transcript of the 13th and 27th Eliz., which so far as we have recited our statute, have been always regarded as declaratory of the common law.

Fraud is looked upon as so polluting in its nature as to invalidate all instruments which are tainted with it; even the most solemn acts of courts of justice, if once shown to be infected by it, lose all their efficacy. It is true, that a fraudulent conveyance is binding upon the grantor, but authorities are ample to show that it may be avoided by a subsequent *bona fide* purchaser, although he may have notice of the previous conveyance: if he is informed of it, say the books, he knows that it is fraudulent, and of consequence void. And it is quite immaterial whether the subsequent purchaser acquire his title by a deed directly from the fraudulent grantor, or at a sale made under an execution against him. To these points, see Jackson v. Seward, 5 Cow. Rep. 67; Anderson v. Roberts, 18 Johns. Rep. 515; Evelyn v. Templar, 12 Johns. Rep. 536; Read v. Livingston, 3 Johns. Ch. Rep. 488; Roberts on Frauds, 596; See 4 Dana's Ab. 112, 13, 14, and cases there cited; Osborne v. Moss, 7 Johns. Rep. 161; Jackson v. Mather, 7 Cow. Rep. 301; Myers v. Peck's adm'r, 2 Ala. Rep. N. S. 648

The bill of exceptions does not show that the defendant set up a title in himself, nor was such assumed in the argument to have been the fact; we have therefore considered the case upon the hypothesis, that he is holding under Armstrong, the grantee of Shaw. And we are unable to perceive any reason why, if the deed could be avoided in equity, because the statute of frauds has declared it void, it is not alike void at law. The cases we have cited do not recognize any difference in this respect between the two jurisdictions, but maintain the competency of the law courts to give effect to the statute. From the view taken it results, that the judgment of the circuit court must be reversed, and the cause remanded.