## PALMER v. SEVERANCE AND STEWART.

1. When the defendant was irregularly allowed to depose as a witness, to the fact of usury, instead of making his statement, his evidence cannot be excluded because the opposite party denies a particular fact stated by him. Under such circumstances, the denial should extend to the fact of the usury.

2. Evidence of the admission by one defendant, although it may not bind another, is competent evidence, and the question of its effect arises only when a charge is necessary or requested.

Writ of Error to the Circuit Court of Russell.

Assumpsit by Ann Palmer, suing for the use of Jesse A. Palmer, against Severance and Stewart, as the makers of several promissory notes.

At the trial, usury was made one matter of defence, and to make it appear, Severance was offered as a witness. The plaintiff objected to this, and insisted Severance must first put in writing what he would swear to, so that if the plaintiff should contradict the same, no evidence of Severance should go to the jury. This position of the plaintiff was overruled, and the defendant, Severance, permitted to testify. He deposed, among other things, that the amount borrowed from the nominal plaintiff was $420. The nominal plaintiff was then introduced, and asked by the plaintiff, if $420 was all the defendant, Severance, had borrowed from her. She replied it was not; and no other, or further, question was asked her, nor did she state any thing more. The defendants then proposed to ask her, what was the amount borrowed? This was objected to by the plaintiff, who insisted, that as she had denied one matter stated by the defendant, that was sufficient, and she was not bound to answer further, but that this was sufficient to exclude from the jury every matter testified by the defendant. The court ruled in favor of the plaintiff, and did not permit the examination of the nominal plaintiff.

The plaintiff, on the cross-examination of one of the defendant's witnesses, proposed to prove that the witness had acquired the interest in the notes sued on from the nominal plaintiff, and that while he held them, the defendant agreed, that if the witness would wait with him a certain time, he would pay the notes, and that the witness agreed to this, and did wait. The plaintiff objected to this evidence, as inadmissible under the state of the pleadings, but it was admitted by the court.

The defendants excepted to these several rulings of the court, and they are now assigned as error.

J. E. BELSER, for the plaintiff in error, insisted—

1. That the nominal party being introduced as a witness the other party was entitled to examine her to every matter in issue. [1 Esp. Ca. 357; 4 Ib. 67; 2 Starkie Ev. 314; 2 Wend. 483; Richards v. Griffin, 5 Ala. Rep. 195; Logan v. Hodges, 7 Ib. 66; Commercial Bank v. Whitehead, 4 Ib. 641.]

2. If however, the nominal plaintiff was competent only to dispute the matters sworn to by the defendant, her examination ought to have been permitted, so as to show clearly that she did controvert the facts stated by the other party.

3. The agreement of one of the defendants was improper, as evidence against both, inasmuch as the agreement bound only the one making it. [7 Wend. 216; 2 Hall, 216; 10 John 66; 12 Ib. 434; 1 Esp. Ca. 29.]

HEYDENFELDT, contra, argued—

1. That the defendants have produced all the difficulty arising in the case by leading the court below into the error of allowing one of them to be examined as a witness in the cause, contrary to the decisions in Richards v. Griffin, 5 Ala. Rep. 195, and Logan v. Hodges, 7 Ib. 66. Having done so they cannot now complain that the court permitted the plaintiff to get rid of the effect of the irregular testimony, by showing it to be untrue, by the counter oath of the party.

2. The other question presented was decided when this case was here before, adversely to the defendants. Whatev-

Palmer v. Severance and Stewart.

er is the legal effect of this evidence, it was certainly admissible.

GOLDTHWAITE, J.—1. The allowance of one of the defendants as a witness to prove the fact of usury, before he had prepared and offered to the court a statement of the facts he intended to swear to, was certainly irregular, and directly at variance with the decisions of this court. [Richards v. Griffin, 5 Ala. Rep. 195; Logan v. Hodges, 7 Ib. 66.] . But if the oath of the nominal plaintiff had been to the same effect as that which the statute calls for, we should incline against a reversal of the judgment.   It is a mistake however to suppose the statute authorizes the plaintiff to select any one fact which the defendant has asserted, and by the denial of this, to exclude the other matters alledged.   The *proviso* of the statute is, "that if any person against whom such evidence is offered to be given, will deny upon oath, to be administered in open court, the truth of what such witness offers to swear against him, then such evidence shall not be admitted."   Now, although the plaintiff, under this *proviso*, may deny in general terms, the truth of what the other party has offered to swear, when the statement is entirely false, yet it never has been supposed that he may not deny specifically such facts as are false, and admit such as are true. Such was the course pursued in Logan v. Hodges, before cited, and we considered the denial in this mode sufficient to exclude the defendant's statement from the jury.   It is a very different matter to permit the party to select a single fact, and by denying that, insist upon the exclusion of every thing else.   We are entirely clear, the examination should have been permitted to proceed, at least so far as to enable the court to pronounce that the usury was substantially denied.

2. The question raised as to the admissibility of the evidence of the agreement by one of the defendants, to pay, if delay was given, may be disposed of with the remark, that if the same admission was proved against the other defendant, a complete case would have been made.   The evidence was competent, but its legal effect, whether to charge one

95

or both of the defendants, was matter of instruction to the jury.

For the error in not allowing a more extended examination of the nominal plaintiff, the judgment is reversed and remanded.