# CASES

## ARGUED AND DETERMINED,

## JUNE TERM, 1848.

## FALKNER v. LEITH & JONES.

1. Land acquired by entry, and for which a receipt of full payment has been executed by the register, vests such title in the person to whom it is given, as may be sold under execution at law.

2. Neither the acts, or declarations of a debtor subsequent to the institution of a suit against him, to recover a tract of land sold under execution, can be given in evidence against the creditor.

3. A recital in an assignment of a land certificate, that it was transferred for a valuable consideration, is not evidence against one, who was a creditor of the assignor, at the time. The burthen of proving the consideration is cast upon the grantee.

4. In a suit against two, the admissions of one defendant are competent testimony. If the co-defendant desires to avoid the effect which such admissions may have upon him, he should ask a charge of the court.

Error to the Circuit Court of Cherokee. Before the Hon. G. D. Shortridge.

TRESPASS to try title to a tract of land, by the plaintiff against the defendant in error.

From a bill of exceptions it appears, that the plaintiff was a purchaser of the land in controversy, at sheriff's sale, under

Vol. 15—2

execution against James Leith, one of the defendants in error, which was conveyed to him by the sheriff.

The defendants produced the certificate of the receiver of the land office, acknowledging the receipt from the said James Leith, of the purchase money of the tract sued for, on the back of which was the following transfer: "For value received, I assign the within certificate to Moses Jones, and hereby authorize the patent to the within described land to issue in his name. Witness my hand and seal this 4th day of October, 1842. James Leith, (seal.)" This transfer was made before the register, and certified by him on the certificate of the receiver. The defendants also proved, that since the commencement of the suit, one Baker, had rented the land from one John Leith, who said at the time he was acting for Jones, the defendant. This was admitted against the objection of the plaintiff, and he excepted. It was proved there was no change in the possession of the land, from 1835 or 1836, until six months after the commencement of this suit, when Leith, one of the defendants, moved to Jackson county, where Jones, the other defendant resided. The plaintiff also proved, that a few days after the judgment on which the land was sold, was rendered, Leith told witness, that it was unjust and he never intended to pay it. That he had sold, or conveyed the land to Jones; that it could not be sold to satisfy the judgment, and that he had made an arrangement with Jones about it. Plaintiff offered to prove, by the same witness, that Leith at the same time wanted to convey his other property to witness, to prevent its being sold to satisfy the judgment. On defendant's objection this was excluded, and plaintiff excepted.

The court charged the jury, that the assignment of the receiver's certificate, was in the nature of a deed, and of itself imported a consideration, as against a subsequent purchaser, or creditor, who had assailed it for fraud. That Leith remaining in possession of the land, for a long time after the transfer to Jones, was not of itself sufficient to create a presumption of fraud, but might become evidence of fraud, when taken in connection with the other circumstances tending to show fraud.

The plaintiff moved the court to charge, that if Leith was

Falkner v. Leith & Jones.

indebted to the plaintiff when the assignment was made, which was only seven days before the rendition of the judgment, that Leith had remained in possession of the land until six months after the commencement of this suit, and that Jones and Leith were brothers-in-law—that these circumstances raised a presumption of fraud in the assignment, until the defendant proved that a valuable and sufficient consideration was paid by Jones. This the court refused to give, and the plaintiff excepted, as well to the charges given, as to those refused, and here assigns these matters as error.

A. J. WALKER, for plaintiff in error.

Leith's declarations, after the assignment of the receiver's certificate to his co-defendant, Jones, were competent evidence—1. Because the retention of the possession of the land by the vendor, strengthened by the other facts in the case, created the presumption of a combination to defraud, and rendered the declarations of the vendor evidence against the vendee. Goodgame v. Cole & Co. 12 Ala. 77; Abney v. Kingsland & Co. 10 Ala. 355; Borland v. Mayo, 8 Ala. 104.

2. Because Leith was a party to the record, (the original defendant,) and his own declarations were evidence against himself at least. Palmer v. Severance & Stewart, 9 Ala. 75.

The authorities all show, that a deed is not of itself evidence of a consideration when assailed for fraud by third persons, and not by the parties to it. McCaskle v. Amarine, 12 Ala. 17; 3 Philips on Ev. 1448, note 969; McCain v. Wood, 4 Ala. 258; Branch Bank at Decatur v. Kinsey, 5 Ala. 9.

The long continued retention of possession of the land created a presumption of fraud, or was in other words a badge of fraud. Clay's Dig. 254, § 2; P. & M. Bank of Mobile v. Borland, 5 Ala. 546; Blocker, adm'r, v. Burress, 2 Ala. 354.

The recital of the assignment on the receiver's certificate, that it was made for value received, could not be evidence against any person except the parties to the same. Branch Bank at Decatur v. Kinsey, *supra;* McCain v. Wood, *supra.* The admissibility of a recital in a deed depends on the same principle, as the admissibility of the declarations of the grant-

or. Leith's declaration that he had received " value" for making the assignment could not be evidence against plaintiff in this cause, and certainly not evidence of a consideration. 3 Phil. on Ev. 1236 ; Berry, use, &c. v. Hardman, 12 Ala. 604.

It is certain that the indebtedness of Leith to Falkner, the short time that elapsed between the date of the assignment, and the judgment, the relationship of the parties, and the long continued possession of the land by Leith, and the small amount of Leith's property left, after the assignment to Jones of his land, created a suspicion of the fairness of the transaction, and a presumption of fraud, and devolves upon the vendee, or assignee, to show that the arrangement was made for a valuable consideration, and with honest motives. McCaskle v. Amarine, 12 Ala. 18 ; Goodgame v. Cole & Co. Ib. 77, and cases above cited.

L. E. PARSONS, contra.

1. This case has been here before, and the court say, " we think the law is, that the assignment of the land office certificate, by a valid instrument, will prevent the title of the land from passing to a subsequent purchaser at sheriff's sale." Falkner v. Jones and Leith, 12 Ala. 172. The certificate does not vest a title in the holder, which is subject to sale under judgment at law. Our statute makes it a "full, complete and legal title, so far as to enable the holder of such certificate to maintain any action thereon." Dig. 341, § 157. This leaves the liability of the land to sale at law as it was before the passage of the act. The certificate is only evidence to show who has the right to a legal title. But for the statute, the holder could not sustain ejectment or any other action.

2. The admission of what John Leith said, when he was renting the land, is a part of the transaction, and proper to go to the jury.

3. It has been decided, over and over, that such a seal does import a consideration. The plaintiff says he assails this deed for fraud ; but he proves none. It is contended therefore, that *prima facie* this deed is good until they have shown something more than the facts disclosed by this record.—

Whitney v. Stearns, 4 Shipley, 394; Sloan v. Gibson, 4 Missouri, 33; Chitty on Con. 27.

CHILTON, J.—1. It cannot be considered as an open question in this court, whether land acquired by entry, and for which a receipt of full payment, certifying the entry, has been executed by the register, vests such title in the person to whom it is given, as is subject to be sold under execution at law. This precise point was decided in Goodlett v. Smithson, 5 Porter's Rep. 254, which was recognized as settling the rule correctly in Rosser v. Bradford, 9 Porter, 345, and also in the decision upon this case when heard previously, 12 Ala. Rep. 170. The rule has become too firmly settled by judicial decision now to be departed from, however much I might be disposed, were the question *res integra*, to a different conclusion.

2. It is very clear, that neither the acts nor the accompanying declarations of Leith, the defendant, which occurred subsequent to the institution of this suit against him, as the same were allowed to be proved in this cause, are admissible, for if such proof were allowed, there would be no end to the expedients to which men might resort, to fabricate testimony, so as to meet the various exigencies of their defence.

We might here close, but other points are presented which may again arise upon another trial, and therefore require a decision.

The same reasoning is equally applicable to the question of consideration, as evidenced by the recital in the transfer of the receipt by Leith to Jones. This transfer was made after the debt was due to the plaintiff under which the land was sold, and only seven days before it was reduced to judgment. And Leith remained in the possession of the land which he had thus transferred to Jones, his kinsman. Now we think it very clear, that under the circumstances of this case, it was incumbent on the defendants, in order to defeat the right of the creditor, to show the consideration of the sale. If the bare recital proves the consideration, then a debtor seeking to screen his property from the payment of his debts, may by a dash of the pen insert in his fraudulent transfer, *"for value received,"* and set his creditors at defi-

ance. Such transactions are most usually unattested by witnesses, and in most cases, the creditor would find it impossible to prove a negative—that the payment was *not* made, whereas the *honest* purchaser would rarely fail for want of proof. Upon principle, therefore, it would seem the proof of consideration should be made by the party holding the affirmative. The point however is well settled upon authority. In McCain v. Wood, 4 Ala. Rep. 258, it was held, that when the contest is between the creditor and the grantee, in a trust deed to secure another creditor, the consideration of the deed must be shown, and is not proved by the recitals in the deed, or by the admissions of the grantor at the time of its execution. So in the Branch Bank at Decatur v. Kinsey, 5 Ala. 9, it was held, that as a voluntary conveyance was void as against creditors of the grantor, it was necessary, that the person claiming under such conveyance, should prove the consideration in a controversy between him and the creditor. Also, that in such case, the recital in the conveyance is no evidence of consideration, as it is no more than the admission of the grantor, but the fact must be proved by extrinsic evidence. See also, McCaskle v. Amarine, 12 Ala. 24.

As to the admissions of Leith, which were rejected by the circuit court, and which were offered to be proved *against* him, they should have been allowed. They are evidence against him, and if the defendant, Jones, desired to avoid any effect which he supposed such admissions of his co-defendant might have upon him, a charge should have been asked of the court. Palmer v. Severance, et al. 9 Ala. Rep. 751.

These views will be a sufficient guide for the final disposal of the case in the court below.

Let the judgment be reversed and the cause remanded.