## KAHN vs. BOLTZ & KAHN.

[ACTION ON COMMON MONEY COUNTS.]

1. *Admissibility of partner's admission, in action against partnership.*—In an action against late partners, founded on a partnership debt, entries made by one of the partners, in a book of accounts kept by the partnership, are admissible evidence against both partners, if proved to have been made during the existence of the partnership; and are competent evidence against the partner by whom they were made, without such proof.

2. *Admission of one defendant, in action against two.*—In an action against two defendants, as late partners, the admissions of one, being competent evidence against him, cannot be excluded from the jury on motion : the other defendant must limit their operation by a request for proper instructions to the jury.

Kahn v. Boltz & Kahn.

APPEAL from the Circuit Court of Wilcox.
Tried before the Hon. JOHN K. HENRY.

THIS action was brought by Karl Kahn, against Aaron Kahn and ——— Boltz, as late partners composing the firm of Boltz & Kahn, to recover compensation for services rendered by plaintiff in selling goods as clerk and peddler for defendants ; and was commenced on the 25th April, 1859. The record does not show what pleas were filed. On the trial, as appears from the bill of exceptions, the plaintiff proved the rendition of the services, and their value ; and the only question at issue seems to have been, whether he had received or retained compensation. The defendants introduced evidence tending to show that, while the plaintiff was in their employment, he had received from the sale of goods, &c., the sum of $363 70. To show the payment of this money to the defendants, the plaintiff offered in evidence certain entries in a book of accounts belonging to the firm of Boltz & Kahn, which were proved to be in the handwriting of said Aaron Kahn, specified, as " cash received from Karl," various sums, amounting in the aggregate to $363 70, and were dated on different days, between the 26th February and the 14th September, 1856. The proof in reference to these entries, and the book in which they were contained, is thus stated in the bill of exceptions :

"Said defendants, not being able to effect a settlement between themselves, immediately dissolved their partnership, and placed all their books, notes, accounts, &c., in the hands of one Thompson for collection and settlement. Among the books thus placed in the hands of said Thompson was a day-book (or blotter) of said firm, containing various entries, charges, &c., relating to said partnership business, commencing with the date of said partnership, and closing with its dissolution. Said book contained an account of the cash transactions of the firm business for each day; but there was no entry in said transactions relating in any way to the business of peddling, or to cash received by the firm from that source ; nor was any reference made therein to the items contained" [in the entries mentioned above].

"The book was produced and identified by said Thompson, who testified, that the same had been in his possession, or under his control, from the date of the dissolution of said partnership, up to the time when he produced it on the trial; that it was, so far as he knew, in the same condition at the trial as when it was delivered to him; that said Aaron Kahn had had no access to it, within his knowledge, since it was delivered to him, except in his presence, and for the purpose of making explanations to him about the business, and had made no entries therein. Said entries were made on the next to the last ruled page in said book, and were a number of pages removed from any other entry in the book. They were proved to be in the handwriting of said Aaron Kahn; but there was no proof as to the precise time when they were made, other than was shown by the entries themselves, in connection with the testimony of said Thompson."

On the evidence above set out, the court excluded the entries from the jury; and this ruling, to which the plaintiff excepted, is the only matter assigned as error.

WATTS, JUDGE & JACKSON, for appellant.
MORGAN & COCHRAN, contra.

R. W. WALKER, J.—There was evidence tending to prove, that the plaintiff had collected, on account of goods sold by him as a peddler for the defendants, $363 70. It was proper for him to show, that the money thus collected for the defendants had been accounted for by payment to them; and we think that the entries referred to in the bill of exceptions were admissible with this view. They were found in one of the books of the firm, and were proved to be in the handwriting of one of the defendants. If these entries were made before the dissolution of the partnership, (and there was evidence tending to show that such was the fact,) they were clearly admissible against both partners· *Perry v. Banks,* 14 Geo. 699; Story on Partn. §§ 107–8; *Allen v. Coit,* 6 Hill, 318; Collyer, §§ 422–4, 779. But, independent of this, being the admissions of the defendant making them, they were competent evidence in the cause,

without respect to the time when they were made. If the other defendant desired to avoid the effect which such evidence might have upon him, his proper course was, not to move to exclude it entirely, but to ask the court to limit its operation by instructions to the jury.—*Goodman v. Walker,* 30 Ala. 482; *Falkner v. Leith,* 15 Ala. 9.

Judgment reversed, and cause remanded.