[McCoy v. Watson.]

# McCoy v. Watson.

### Statutory Real Action in Nature of Ejectment.

1. *Amendment of complaint.* — Where the complaint, in the marginal statement of the parties' names, contains words describing the plaintiff as trustee, but not showing that he sues in that capacity, it may be amended by adding the words "as such trustee," thereby showing that he sues in the capacity of trustee.

2. *Error without injury in admission of irrelevant evidence.* — The admission of evidence, which, when offered, is *primâ facie* irrelevant, or otherwise inadmissible, is cured by the subsequent introduction of the necessary preliminary or connecting proof.

3. *Title of purchaser at sheriff's sale.* — A purchaser at sheriff's sale, under execution, succeeds to the rights of the plaintiff in execution, and may impeach at law, for fraud, a deed executed by the defendant, whenever the plaintiff in execution might do so.

4. *When creditor may impeach deed for fraud.* — Before a creditor can impeach at law, on the ground of fraud, a deed executed by his debtor, he must show a lien created by a valid judgment and execution.

5. *Judgment and execution against partnership.* — A judgment against a partnership binds only the partnership property (Rev. Code, § 2538), and an execution issued on it does not authorize a levy and sale of property belonging to one of the partners individually.

APPEAL from the Circuit Court of Lee.

Tried before the Hon. L. B. STRANGE.

This action was brought by David Watson against L. F. McCoy, to recover the possession of a tract of land, together with damages for its detention. In the summons, and also in the marginal statement of the parties' names in the complaint, the words "trustee of Ellow Esto Burson" followed the plaintiff's name, but there was no averment that he sued in that capacity. The court allowed an amendment of the complaint, on motion, by the addition of the words "as such trustee;" to which ruling an exception was reserved by the defendant. The plaintiff claimed the land under a quitclaim deed from W. G. Williams, dated the 16th day of January, 1860, by which the land was conveyed to the said plaintiff, "to have and to hold, in trust and confidence for the sole use and benefit of Ellow Esto Burson, daughter of J. L. Burson, for and during her natural life; and in further trust that the said trustee shall collect and receive the rents and profits, for the sole use and benefit of the said Ellow Esto Burson, and appropriate the same to her maintenance and education," &c. The defendant purchased the land at sheriff's sale, on the first Monday in April, 1867, under an execution issued on a judgment in favor of Chamberlain, Miller, & Co. against J. Burson & Co., which was rendered by the circuit court of Russell county on the 28th September, 1854; and he was put in possession, under his purchase, by the sheriff. The defendant attempted to prove on the trial, as the bill of exceptions shows, that said J. L. Burson in fact furnished the money with which the plain-

VOL. LI.

[McCoy v. Watson.]

tiff paid for the land, and took the title in the plaintiff's name, as trustee for his own daughter, for the purpose of hindering and defrauding his creditors. The court excluded this evidence on the plaintiff's motion, and the defendant excepted. The amendment of the complaint, the several rulings on questions of evidence, the charges given by the court, and the refusal of several charges asked by the defendant, which require no special notice, are the matters now assigned as error.

GEO. D. & GEO. W. HOOPER, for appellant.

GUNN & HOLIFIELD, with CHILTON & WOODS, contra.

BRICKELL, J. — The amendment of the complaint was properly allowed, if indeed it was not wholly unnecessary. *Humphries* v. *Dawson*, 38 Ala. 199; *Crimm's Adm'rs* v. *Crawford*, 29 Ala. 623.

2. The plaintiff having proved the loss of the original deeds, offered in evidence transcripts thereof, duly certified by the judge of probate of Macon county, in which county the lands were then situated. One of the deeds was made by C. C. Washburn and wife to W. G. Williams, conveying the premises in controversy; was dated the 26th December, 1859, and duly acknowledged before a justice of the peace. The other was from said Williams to the plaintiff, was dated the 16th January, 1860, and also duly acknowledged before a justice of the peace. Both of these deeds purported to have been left for record, in the proper office, within twelve months after their execution. The defendant objected to the admission of the transcripts as evidence, " on the ground that they tended to show no title in the plaintiff, and were illegal and irrelevant." The objections were overruled, and the transcripts read in evidence; and this ruling of the court is now assigned as error. The statute expressly provides, that when the original of any registered conveyance is lost, or destroyed, a transcript, duly certified from the registry, must be received in the place of the original. R. C. § 1544. The ground on which it is attempted to support the objection to the admissibility of these transcripts, is that they were of no avail without evidence that, at the execution of the several deeds, the respective grantors had title to the premises conveyed. This is true; but a party cannot give all the evidence he purposes to offer, at one time; and it is his privilege to determine the order in which he will introduce it. *Kinsey* v. *Br. Bank at Decatur*, 5 Ala. 12. If the evidence offered is not *primâ facie* irrelevant, it should be received; and if not connected with other evidence, rendering it competent, a motion to exclude, when the evidence is closed,

or a request for instructions, will prevent it from operating prejudicially to the party against whom it is given.    After the introduction of the deeds, the plaintiff gave evidence that Washburn, who conveyed to Williams, the grantor of the plaintiff, had possession of the premises conveyed, prior to the execution of the deed; that after Williams's conveyance he had taken possession, and occupied by his tenants, and paid taxes, until the entry of the defendant.    If the deeds were irrelevant when offered, this evidence rendered them relevant.    They became evidence of the plaintiff's title.    The rule is, that if evidence, *primâ facie* irrelevant, becomes relevant at any stage of the cause, its admission is not an error which will work a reversal, although when offered and received it was irrelevant. 1 Brick. Dig. 780, § 106.

3. The remaining exceptions depend on the determination of a single question: Was the appellant in a condition to impeach the title on which the plaintiff relied, because it was fraudulent as to the creditors of J. L. Burson.    The defendant was a purchaser at sheriff's sale, and succeeded to the rights of the plaintiff in the judgment, under which he purchased.    If the plaintiff in that judgment could have assailed the title of the plaintiff, as having been made to hinder, delay, and defraud the creditors of Burson, the defendant has the same right.    *Carter* v. *Castleberry*, 5 Ala. 277; *Daniel* v. *Sorrells*, 9 Ala. 436; *De Vendell* v. *Hamilton*, 27 Ala. 156.

4. It is not a general creditor, but a creditor with a lien, created by judgment and execution, who can, in a court of law, impeach for fraud conveyances made by his debtor.    *Pennington* v. *Woodall*, 17 Ala. 785.    To support a purchase of real estate under execution, at sheriff's sale, a judgment and execution, authorizing a levy and sale, are indispensable.    These constitute the authority of the sheriff, and without them the sale is void.    *Lewis* v. *Goguette*, 3 Stew. & Port. 184.

5. The judgment and execution offered in evidence were against J. L. Burson & Co., a partnership, in its firm or common name.    The deed of the sheriff to the appellant recites the levy of the execution on the lands in controversy, as the property of Burson, not as the property of the partnership, and purports to convey only the claim and interest of Burson.    All the evidence offered by the defendant, and rejected by the court, tended only to show that Burson had purchased the lands, paid for them, and caused title to be made to the plaintiff, with the intent to hinder, delay, and defraud his creditors.    The evidence was inadmissible.    The judgment and execution operated a lien only on the partnership property of Burson & Co., not on the separate property of the several partners.    The statute authorizes the institution and prosecution of suits against a partnership

[Hibbard *v.* Brown.]

by its firm name, but declares the judgment shall bind only the joint or partnership property. R. C. § 2538. Such a judgment does not authorize the levy and sale of the separate property of any or either of the individual partners. It spends its force on the partnership or joint property. *Wyman, Moses, & Co.* v. *Stewart*, 42 Ala. 163. Consequently, the defendant could not assail the title of the plaintiff, as a fraud on the creditors of Burson. If it was a fraud, it did not injure him, or the judgment creditor, to whose rights he had succeeded. If the title had stood in Burson, unclouded by the conveyance to the plaintiff, the judgment creditor was not in a condition to seize it under execution. He could obtain no execution on his judgment, which would operate on it. The mandate of the only execution he could obtain, would not embrace it: it would extend only to the goods and chattels, lands and tenements of the partnership.

The defendant not being in a condition to question plaintiff's title as a fraud on the creditors of Burson, there is no error in the charges given or refused by the circuit court, which could have worked injury to him, and it is unnecessary to consider them.      The judgment is affirmed.