# Collins *et. al. v.* Mountain.

## *Unlawful Detainer.*

1. *Demurrer; when presumed to have been rightly overruled.*—It will be presumed that the court rightly overruled a demurrer, when the grounds of demurrer are not disclosed.

2. *Evidence; admissibility of, rule as to.*—Evidence admissible against one or more defendants can not be excluded, because inadmissible as to their co-defendants; these latter may protect themselves by asking charges properly limiting the evidence.

3. *Unlawful detainer; what not necessary to constitute, under local act of Mobile.*—To constitute unlawful detainer within the provisions of the local act of Mobile, it is not essential that the party in possession should have entertained as tenant of the lessor.

4. *Same; local act of Mobile as to, who comes within provisions of.*—One claiming under the heir of a tenant, entering after the termination of his possession by death, and before a surrender of the premises, to intercept the delivery to the lessor, comes within the provisions of that act.

[Collins v. Mountain.]

5. *Charge; embodying a correct legal proposition, when rightly refused.—* A charge embodying a correct legal proposition is rightly refused, if abstract or calculated to mislead the jury.

APPEAL from Circuit Court of Mobile.

TRIED before Hon. JOHN ELLIOTT.

This was an action of unlawful detainer brought by the appellee Mountain, against the appellants, Winnie Parsons, Joseph Collins, and Tom Smith, to recover possession of certain premises in the city of Mobile.

There is a minute entry showing that a demurrer to the complaint was overruled, but the demurrer no where appears in the record.

The defendants pleaded, that their ancestor Parsons, under whom they claimed, was in possession of the premises at the time of his death, and for more than three years previously thereto, openly and publicly claiming them as his own. Another plea averred the same facts and adverse possession of Parsons for more than ten years, and a third plea, similar to the second, except that it alleged adverse possession for twenty years was also filed.

There is a judgment entry overruling a demurrer to these pleas, but the demurrer itself is not shown by the record. The case was tried on issue joined on these pleas and the plea of the general issue.

The testimony was quite conflicting. It is certain, however, that at the time of his death, in 1868, Amos Parsons, who was the father of Winnie Parsons and Nellie Tart, had been in possession since ths year 1854. The plaintiff, against the objection of the defendants, on the ground that he was an incompetent witness as to the transactions with Parsons, was permitted to testify that Parsons, during his possession, was his tenant and paid him rent up to the time of his death.

There was also testimony tending to show that at Parson's death, plaintiff's agent went to the premises, of which Winnie and others of the Parsons children were in possession and demanded rent, and that thereupon Nellie Tart, who was a married woman, agreed to "stand for the rent" for them, and she shortly afterwards moved on the premises. The defendants, Collins and Smith were her tenants.

The testimony for the defendants tended to show that Parsons had never paid rent to Mountain, but claimed the premises as his own openly and notoriously in adverse possession against the world for many years, and that after his death, said Winnie and Nellie, claimed as his heirs, and never paid

[Collins v. Mountain.]

rent or otherwise recognized plaintiff as the owner of the premises.

The defendants requested the court to charge the jury :

1st. To find for the defendants, if they believed the defendants went into possession as tenants of Nellie Tart, after the death of Parsons, and not as tenants of the plaintiff.

2d. If at the time Nellie Tart made the contract of renting, she was a married woman living at a different place with her husband, who never authorized or assented to said contract of renting, or lived on the place under it, then such contract of renting was void in law.

3d. If the heirs of Amos Parsons, living on the place at the time of his death never authorized Nellie Tart or any one else to rent the place from the plaintiff for them ; never assented to such lease or contract of renting, then the jury must find for the defendants.

4th. If the defendant went into possession of the premises under a leave from Nellie Tart, and never recognized the plaintiff as their landlord, she (Nellie Tart) claiming the premises as her own, then the jury should find for the defendants.

The court refused to give either of these charges and defendants excepted. There was a verdict and judgment for the plaintiff and the defendants appealed.

The rulings upon the demurrers, and the refusal to give the charges requested are now assigned as error.

ALEX McKINSTRY, for appellants.

JOHN LITTLE SMITH, contra.

BRICKELL, C. J.—The demurrer interposed to the complaint, is not set out in the record, and it is impossible to say whether it should have been sustained or overruled. It may have been a mere general demurrer, not assigning specific causes, which the court was bound to overrule—or, if it assigned specific causes, the complaint may not have been obnoxious to them, though in other respects defective. In this state of the record, we must presume the demurrer was correctly overruled.

Whether the appellee, who was plaintiff in the court below, was competent as against the appellants, who are heirs of Amos Parsons, deceased, to testify to the statements, acts or declarations of the decedent, tending to establish that he was the tenant of the appellee, it is not material to inquire. He was competent to prove these facts as against the appel-

lant Collins, who did not stand in the relation of heir to the decedent. When in an action against two or more, evidence is offered, which is admissible against one or more of the defendants, but inadmissible against others, it cannot be excluded. The defendants as to whom it is inadmissible, can protect themselves against injury, by requesting a charge limiting its operation to the defendants against whom it is admissible. *Palmer* v. *Severance*, 9 Ala. 751; *Falkner* v. *Leith*, 15 Ala. 9; *Lawson* v. *State*, 20 Ala. 65; *Goodman* v. *Walker*, 30 Ala. 482.

The proceeding in this cause, we suppose was instituted under the local act of March 3d 1848, entitled, "An act to provide a more efficient remedy in cases of unlawful entry and detainer in the city of Mobile." Pamph. Acts, 1847–8, p. 97. The eleventh section of this act, extends the remedy it provides, to any person claiming by, through or under the tenant, or to any person who shall take possession, on the desertion or abandonment of the premises during the term, *or before their delivery to the lessor.* There was evidence tending to show that the premises were in the possession of Amos Parsons, the yearly tenant of the appellee. After his death, and before a surrender of the possession to the appellee, the appellants entered. If they entered under Nellie Tart, the claim to possession she asserted was as heir of Amos Parsons. It is certain the appellants could have been guilty, under this statute, of an unlawful detainer, although they were not tenants of the appellee, but the tenants of Nellie Tart. She claimed by, through or under the tenant of the appellee, and the defendants entering after the termination of the tenant's possession by his death, and before surrender of possession to the appellee, are amenable to this action. This statute has been construed by this court, "to provide a speedy and efficacious remedy against one who obtrudes himself upon the premises, between the outgoing of a tenant and the delivery to his lessor, and who avails himself of the departure of the tenant to enter, before the premises are delivered to the landlord, and within such a time that the continuity of the possession is not broken." *Russell* v. *Desplous*, 29 Ala. 308. It is not material that the appellants entered into possession as tenants of Nellie Tart. They entered soon after the death of Amos Parsons, before surrender of possesion to his lessor; and if, as the jury may have believed from the evidence, Nellie Tart, and the appellants obtruded themselves upon the premises to intercept their surrender to the lessor, there cannot be a doubt of their guilt as averred. The first and fourth charges requested by

the appellants, were therefore correctly refused.

The other charges requested by the appellants were properly refused. A lease to Nellie Tart, not ratified by her husband, may by reason of her coverture be void. Her unauthorized renting of the premises, may not have affected the heirs of Amos Parsons, who were in possession. This could not relieve the appellants from liability to this action, if they claimed under Amos Parsons, and he was the tenant of the appellee; or, if they obtruded themselves into possession, before a surrender to the appellee, so soon after the death of Amos Parsons, that his possession and their possession could be treated as continuous. *Russell* v. *Desplous,* *supra.*

We find no error in the record, prejudicial to the appellants, and the judgment is affirmed.