These appeals are from jury verdicts in favor of the defendants and against all plaintiffs. John Kriewitz, Donna Kriewitz and Jill Kriewitz, individually, brought actions against Cedar Construction and Roofing Company and Savoy Heating and Air Conditioning Company. These cases were consolidated for purposes of trial and appeal.
Each plaintiff alleged that on or about November 13, 1974, the defendant, Cedar Construction, contracted to make certain repairs to plaintiffs' house, and that defendant Savoy, in furtherance of the work being done by Cedar Construction, installed a gas furnace in the house. Plaintiffs claimed that the gas furnace was improperly installed, because when the furnace was in use it would cause carbon monoxide fumes to permeate the house.
The defendants filed answers denying any responsibility for the injuries and damages sought by the plaintiffs. Further, they contended that the furnace had been misused or changed in a substantial manner while it was in the hands of the plaintiffs.
The trial began on January 2, 1980, and concluded on January 14, 1980, with the jury returning a verdict in favor of the defendants in all three cases.
Plaintiffs, as appellants, raise three evidentiary issues on appeal. First, they contend that the trial court erred in refusing to admit evidence of a conversation between John Kriewitz and M.D. Lowe, the owner of Cedar Construction. Second, they contend that the trial court erred in sustaining objections to questions asked an expert witness, a medical doctor specializing in psychiatry, on the likelihood of resulting brain damage to a person who had been subjected to the inhalation of carbon monoxide. Third, they contend that the trial court *Page 51 
erred in refusing to allow clinical psychologists to render opinions as to medical causation of brain damage.
 I
During the course of the testimony of John Kriewitz, he was questioned concerning a conversation he had with M.D. Lowe, the owner of Cedar Construction. As to one question, the following occurred:
 Q. What was the nature of the discussion between you and Mr. Lowe?
 MR. McDOWELL: If Your Honor please, as to defendant Savoy, I object, it constitutes hearsay.
 MR. MATRANGA: This is a conversation between Mr. Kriewitz and Mr. Savoy —
MR. SINTZ: You said Mr. Lowe.
 MR. MATRANGA: I beg your pardon, Mr. Lowe. The conversation between Mr. Kriewitz and Mr. Lowe, where Mr. Kriewitz talked to him from the hospital.
 MR. McDOWELL: My object goes to my client Savoy. I object on behalf of defendant Savoy that it constitutes hearsay.
THE COURT: Well, it does.
 MR. MATRANGA: Does that mean that the witness will not answer that question?
 THE COURT: I don't know. I haven't made up my mind yet. It's admissible against the other defendant. I think I must sustain the objection.
Q. We except.
Appellants contend that since the testimony would have been admissible against Cedar Construction, the trial court erred in not admitting it over the objection of Savoy. Appellants citeMcElroy's Alabama Evidence, 3d Edition, § 12.01, which states:
 If an item of evidence is admissible for one purpose, it will be received in evidence despite the fact that there exists some other purpose for which it is not admissible. When the party against whom such evidence has been admitted conceives that the jury may consider the evidence for the improper purpose, his only remedy is to request the court to instruct the jury that the evidence is to be considered only for the admissible purpose.
 It is held that evidence will be received when it is admissible against one party to the action despite the fact that there exists another party against whom such evidence is not admissible. The remedy of the party against whom the evidence is inadmissible is to request the court to instruct the jury that the evidence is not to be considered against him. If the party against whom the evidence is not proper to be considered does nothing more than object to the admittance of the evidence, as distinguished from requesting the court to instruct the jury not to consider the evidence against him, the overruling of such an objection gives him no ground for complaint on appeal.
 State v. Meadowbrook, Inc., 286 Ala. 359, 239 So.2d 891 (1970); Ponder v. Cheeves, 104 Ala. 307, 16 So. 145 (1894); Martin v. Hill, 42 Ala. 275 (1868).
 Williams v. State, 81 Ala. 1, 1 So. 179 (1887); Lewis v. Lee County, 66 Ala. 480 (1880); Collins v. Mountain, 53 Ala. 201 (1875); Goodman v. Walker, 30 Ala. 482 (1857).
This same treatise speaks to this precise problem later in the text. It states:
 The situation often arises that offered evidence will be admissible against one party but inadmissible against another party joined in the same suit. When both the driver and owner of a negligently operated vehicle, for example, are sued, there may be testimony admissible against one that would be inadmissible against the other. When this situation arises, and the party offering the testimony does not specify against whom he is offering it, the trial court will not be put in error on appeal by sustaining an objection to the testimony. It is the burden of the question-propounding litigant to inform the court as to the party against whom he is offering the expected evidence; *Page 52 
otherwise, he foregoes any grounds for appeal from the ruling that such was inadmissible.
 In the foregoing situation, where the offered evidence is admissible against one party but inadmissible against the other, the trial court will likewise be affirmed on appeal if the evidence is admitted over objection even though the offering litigant fails to specify the party against whom he is offering the evidence. This rule is justified upon the grounds that the remedy of the party against whom the evidence is improperly admitted is to request an instruction to the jury that they cannot consider such evidence against him.
 Contrary to the above, of course, if the party offering the evidence states the proper party against whom he is admitting it then the trial court will be reversed on appeal for sustaining an objection to such evidence.
 Hudson v. Stripling, 261 Ala. 196, 73 So.2d 514
(1954); Bain v. Bain, 150 Ala. 453, 43 So. 562
(1907).
 Alsabrooks v. State, 52 Ala. 24 (1875); Collins v. Mountain, 53 Ala. 201 (1875); Polly v. McCall, 37 Ala. 20 (1860). Falkner v. Leith, 15 Ala. 9 (1848).
McElroy's Alabama Evidence, 3d edition, § 425.01 (9).
In the instant case, the question-propounding litigants, the appellants, failed to specifically offer the evidence against Cedar Construction and, likewise, failed to make an offer of proof. Therefore, the appellants have failed to show that the trial court erred to reversal in refusing to admit evidence of the conversation between Kriewitz and Lowe.
 II
Appellants next contend that it was error for the trial court to refuse to let a psychiatrist testify concerning the likelihood of brain damage to a person who has been subjected to carbon monoxide poisoning.
The trial court did sustain objections of the defendant to testimony by the psychiatrist, but we have carefully examined the record and we are convinced that the appellants were able ultimately to get admitted the substance of the testimony to which objections were earlier sustained.
Thus, even if it was error for the trial court to refuse to admit the earlier testimony, that error was rendered harmless by the subsequent admission of similar testimony from the same witness. Britton v. Doehring, 286 Ala. 498, 242 So.2d 666
(1970).
 III
Finally, the appellants contend that the trial court erred in refusing to allow two clinical psychologists to testify as to the cause of the appellants' condition. The psychologists were allowed to testify that the appellants had suffered brain damage and, in fact, one of the psychologists was permitted to state that Mr. Kriewitz had "organic brain syndrome."
What the psychologists were not allowed to express an opinion on was the medical causation of that condition. This is in line with Code 1975, § 34-26-1, which states:
 (a) A person practices as a "psychologist" within the meaning of this chapter when he holds himself out to be a psychologist and/or renders to individuals or to the public for remuneration any service involving the application of recognized principles, methods and procedures of the science and profession of psychology, such as interviewing or administering and interpreting tests of mental abilities, aptitudes, interests and personality characteristics for such purposes as psychological evaluation or for such purposes as overall personality appraisal or classification, personality counseling, psychotherapy or personality readjustment.
 (b) Nothing in this definition shall be construed as permitting the use of those forms of psychotherapy which involve the administration or prescription of drugs or electro-shock or in any way infringing upon the practice of medicine as defined *Page 53 
in the laws of this state. The psychologist who engages in psychotherapy must establish and maintain effective intercommunication with a psychologically oriented physician, usually a psychiatrist, to make provision for the diagnosis and treatment of medical problems by a physician with an unlimited license to practice the healing arts in this state. A psychologist must not attempt to diagnose, prescribe for, treat or advise a client with reference to problems or complaints falling outside the boundaries of psychological practice. [Emphasis added.]
Thus, the trial court did not err in refusing to permit the psychologist to testify as an expert that in his opinion the physiological injury was caused by carbon monoxide poisoning.
The judgment of the trial court is due to be affirmed.
AFFIRMED.
JONES, SHORES, EMBRY and BEATTY, JJ., concur.