WATKINS VS. CANTERBERRY.

*Point, upon the amendment of pleadings.*
*As to writings, importing a consideration.*

1. An amendment of a declaration, in a material point, is not allowable after an issue is submitted to a jury.
2. Thus—where a writ issued against one by the name of " Watkins," and he was declared against by the name of " Watson"—it was held, that after objection to a note signed " Watkins," offered to the jury under the general issue, the suffering an amendment of the declaration, was error.
3. A note, payable in cotton, for value received, under the statute law of this State, imports of itself a consideration.

In error to the Circuit Court of Lowndes county.

This was an action of assumpsit, upon an instrument in writing, for the delivery of cotton in the seed. The writ issued in the cause, commanded the sheriff to take the body of *Barnabas R. Watkins*; and the declaration was against *Barnabas Watson*—describing the note as made by *Barnabas R. Watson*. On the trial, the plaintiff having produced a note signed by B. R. Watkins, the defendant's counsel objected to its being offered as evidence. The Court overruled this objection, and suffered the plaintiff to amend his declaration, by striking out the name of *Watson*, and inserting that of *Watkins*. The note was then read in evidence, and it was in the following terms :

" By the first day of January next, I promise to pay Samuel Canterberry, or bearer, eight thousand

seven hundred and ninety pounds of good seed cotton, to be delivered at Benjamin Calloway's gin, in good order. October 2d, 1835.—B. R. Watkins."

The defendant further objected, that the note of itself did not import a consideration, and that the plaintiff should prove one.

The objections were overruled, and verdict and judgment rendered for plaintiff. And the defendant excepted, and took a writ of error.

COLLIER, J.—The defendant in error sued out a writ of *capias ad respondendum* against the plaintiff, and declared against him, by the name of Barnabas R. Watson. The note offered to the jury, under the general issue was signed B. R. Watkins.— To its introduction the plaintiff objected—whereupon, on the application of defendant's counsel, the Court allowed "Watson" to be stricken out, and "Watkins," inserted, and then suffered the note to be read to the jury. The Court also charged the jury, that it was not necessary for the defendant to prove a consideration for the note—its terms imported a sufficient one, in the absence of proof impeaching it. To all which the plaintiff excepted; and now assigns them for error.

If an application had been made to the Court to amend the declaration at the proper time, it should have been granted, so as to make it correspond with the writ; but an amendment (at least in a material part of the pleadings,) is not allowable after an issue has been submitted to the jury. By such an amendment, a different case is made than the parties assent to try. To have authorised a recovery in this

case, in the condition the pleadings were when the issue was submitted to the jury, it was necessary to prove a liability against "Watson,"—as amended, "Watkins" was to be charged. The plaintiff may have been ready to try the first, and not the last issue. Had the declaration disclosed a demand against him, he might have continued, for the absence of some material witness; but not being able to foresee the change made in the pleadings, he felt himself prepared for trial. In fact, he could not with propriety say that a witness who was material on the trial of an issue involving the liability of "Watkins," was alike essential to the defence of "Watson." The amendment then was unauthorised, as varying the proof in favor of a recovery, and of consequence, the evidence in the defence; and not depending upon a discretionary exercise of judgment for its justification, is revisable on error.[*]   * 2 Saund. Pl. & Ev. 900.

The note is for the payment of cotton at an agreed time, "for value received;" and by our statute, is placed upon the same footing with a note for the payment of money. The decision of the Court, that the note imported in itself a consideration, was proper; and such has been the decision of this Court. See *McMahon vs. Crockett*.[†]   † Ala. Rep. 362

Upon the first ground, the judgment must be reversed, and the cause remanded.