## AGEE vs. WILLIAMS.

[ACTION UNDER CODE FOR SPECIFIC RECOVERY OF SLAVE.]

1. When words " administrator," &c., are descriptio personœ.—Where the complaint puts in issue the plaintiff's individual title to the slave sued for, the superadded words " administrator," &c.. in the margin or caption of the complaint, are descriptio personœ merely.

APPEAL from the Circuit Court of Monroe.

Tried before the Hon. C. W. RAPIER.

THE defendant in this case was summoned " to answer the complaint of James Williams, administrator of Edward Williams, deceased"; and the complaint was as follows :

"James M. Williams, adm'r of Edward Williams, dec'd, vs. William R. Agee. } The plaintiff claims of the defendant a negro man slave, by the name of Green, about forty years of age, together with the value of his hire during the detention, to-wit, from

the first day of January, 1849; said slave Green being of the value of $1200."

The defendant pleaded "that the slave sued for is not the property of the plaintiff", and on this plea issue was joined.

On the trial, the plaintiff proved that said Edward Williams, during his lifetime, had possession of the slave sued for, as of his own property, from 1844 to 1848; and that said slave disappeared in 1848, and was found in the defendant's possession in March, 1853, who claimed title to him. The defendant then proved his bill of sale for said negro, dated in September, 1849, from a person calling himself James Walker, who had had the slave in his possession for several months previous to the sale; after which the plaintiff introduced evidence tending to show that said James Walker had stolen the negro. Several exceptions were reserved to the rulings of the court on the evidence, which it is unnecessary to state.

The court charged the jury, "that the plaintiff sued in his capacity as administrator of Edward Williams"; to which charge the defendant excepted, and which he now assigns for error.

WM. P. LESLIE, for the appellant, cited Tate v. Shackelford's Adm'r, 24 Ala. 510, and authorities there referred to.

S. J. CUMMING, contra, contended, 1st, that the summons and complaint sufficiently showed that the plaintiff sued in his representative, and not in his individual character; and, 2dly, that if the complaint was defective, it was a mere "defect of form", which might have been amended (Code, §§ 2227, 2402–5) in the court below, and which, therefore, will be considered amended in this court.

RICE, J.—It is clear, upon authority, that the plaintiff in the complaint in this case is James M. Williams as an individual, and not as an administrator of any intestate. The complaint does not put in issue the title of any intestate to the slave sued for, but only the title of James M. Williams as an individual. The words "administrator of Edward Williams", which follow the name of James M. Williams in the

margin or caption of the complaint, must be treated as *descriptio personæ.*—Arrington v. Hare, 19 Ala. 243; Tate v. Shackelford, 24 *ib.* 510; 1 Saund. Pl. & Ev. 497, 498; Chapman v. Spence, 22 Ala. 588.

Under the complaint, the plaintiff cannot recover upon mere proof of the title of any intestate, but must fail unless he proves title in himself as an individual; unless it be one of those cases, where proof of a mere prior possession in the plaintiff will enable him to recover. There is nothing in the record to show that it is one of this class of cases.—Herring v. Glisson, 2 Dev. R. 156; Traylor v. Marshal, 11 Ala. 458.

The charge of the court below is erroneous; and its judgment is therefore reversed, and the cause remanded.