Crimm's Adm'rs v. Crawford, adm'r, &c.

CRIMM'S ADM'RS *vs.* CRAWFORD, Adm'r, &c.

[ACTION BY ADMINISTRATOR FOR RECOVERY OF SLAVES.]

1. *Discretionary power of court as to amendment of pleadings.*—It is discretionary with the court, in giving a charge to the jury at the request of the defendant, to suggest that the complaint may be so amended, if the plaintiff desires it, as to obviate the effect of the charge.
2. *Amendment of complaint.*—Under the provisions of the Code (§§ 2402-3), where the summons is in the name of the plaintiff individually, the complaint may be so amended as to authorize a recovery by him as administrator.
3. *How administrator may declare.*—In suing for the recovery of slaves belonging to his intestate's estate, an administrator may declare in the form of complaint prescribed by the Code (p. 552), with the additional averment that he claims "as administrator," &c.

APPEAL from the Circuit Court of Pickens.

Tried before the Hon. C. W. RAPIER.

THE complaint in this case, as amended, (the words inserted by way of amendment being italicized,) was as follows :

"James W. Crawford, adm'r *de bonis non* of Nancy Cullens, deceased, plaintiff, *vs.* Thomas Crimm, defendant. The plaintiff, *as administrator de bonis non of Nancy Cullens, deceased,* claims of the defendant the folowing slaves—to-wit : Ben, a man about fifty years of age, and Esseck, or Essex, a man about twenty-six years of age ; with the value of the hire, or use thereof, during the detention—to-wit : from the 1st day of Jan'y, 1848."

The defendant pleaded, 1st, that the slaves sued for are not the property of the plaintiff ; 2d, *non detinet ;* 3d, the statute of limitations of six years. The defendant died pending the suit, and it was thereupon revived against his administrators. On the trial, as the bill of exceptions states, the plaintiff failed to show any individual cause of action, but the evidence tended to show a right of action in him as administrator of Nancy Cullens, deceased. "After the evidence and arguments on both sides were closed, the defendants requested the court to charge the jury, that if the plaintiff

had proved no title in himself in his own right, but had only proved title in Nancy Cullens, the jury must find a verdict for the defendants. The court said, this charge should be given, but the plaintiff might amend his complaint, if he desired to do so, by alleging that he sued as administrator of Nancy Cullens, and thus obviate the effect of the charge. To this action of the court the defendants excepted." The plaintiff then moved to amend his complaint, by inserting the words above shown, and his motion was granted ; the defendants excepting to the allowance of the amendment. After the amendment was made, the defendants requested the court to charge the jury, 1st, " that if they believed all the evidence, they must find for the defendants" ; and, 2d, " that if the plaintiff has proved no title in himself individually, but has only proved title in Nancy Cullens, the jury must find a verdict for the defendants." The court refused these charges, and the defendants excepted.

All the rulings of the court, to which, as above stated, exceptions were reserved, are now assigned as error.

TURNER REAVIS, for the appellants.—1. As the pleadings and evidence stood when the first charge was asked, that charge should have been given ; for the pleadings only put in issue the plaintiff's individual right to recover.—Agee v. Williams, 27 Ala. 644. It was not proper for the court, instead of giving the charge, to say it should be given, and at the same time to suggest to the plaintiff how its effect might be anticipated and obviated. It was the duty of the court to give the charge, as requested, and leave the plaintiff to take his own course in reference to it. The action of the court was equivalent to taking the management of the plaintiff's case into its own hands.

2. The amendment was not allowable, for the purpose suggested by the court. Section 2403 of the Code only allows defects of *form* to be amended, and defects of parties, where there are more than one. The amendment allowed was one of *substance*, if of any effect at all. It was equivalent to striking out the name of one sole plaintiff, and inserting another. It changed the character in which the plaintiff sued altogether. As the complaint stood before the amendment,

James W. Crawford, in his individual character, was the plaintiff, (Agee v. Williams, 27 Ala. 644;) and as amended, if the amendment made a material change, he became plaintiff as administrator of Nancy Cullens. These are totally different characters.—Chapman v. Spence, 22 Ala. 588; Walden v. Smith, at the last term. An amendment which substitutes one sole plaintiff for another, is erroneous.—Leaird v. Moore, 27 Ala. 326.

3. The amendment did not change the character of the suit. James W. Crawford still remained plaintiff in his individual character. The words added by the amendment, in the commencement of the complaint, were as much *descriptio personæ*, as those stated in the margin. The complaint, after the amendment, did not count upon the title of Nancy Cullens, nor allege that the slaves sued for were assets of her estate, any more than it did before.—Tate v. Shackelford, 24 Ala. 510; Arrington v. Hair, 19 Ala. 243; Agee v. Williams, 27 Ala. 644. The complaint, as amended, amounts to nothing more than was stated in the margin before the amendment. The case of Gibson v. Land, 27 Ala. 117, seems to be precisely in point. In that case, both the writ and declaration described the plaintiff as suing "*as* trustee for his wife, Elizabeth Land," and the words " as trustee," &c., were treated as merely *descriptio personæ*. The charges asked after the amendment was made, ought, therefore, to have been given.—Agee v. Williams, 27 Ala. 644.

S. F. HALE, *contra*, contended, 1st, that the suggestion of the amendment was a matter of discretion with the primary court; 2d, that the amendment itself was proper under the Code; and, 3d, that the amended complaint authorized a recovery by the plaintiff on the title of his intestate.

WALKER, J.—If the amendment was, in itself, proper, there could be no impropriety in the voluntary suggestion by the court, that it would be allowed. The making such suggestion is a matter which must be left to the discretion of the court trying the cause.

It is settled by our previous decisions, that it is not error, for the circuit court to allow an amendment of the pleadings

after the evidence has been closed and the argument conclu-
ded.—Prater v. Miller, 25 Ala. 320 ; Goldsmith, Forcheimer
& Co. v. Picard, 27 Ala. 142 ; *contra*, Watkins v. Canter-
bury, 4 Porter, 415.

Our statute of amendments is very liberal, and is indica-
tive of a legislative intent, that no mere mistake of the plea-
der, as to the allegations necessary to make a cause of action
complete, shall defeat the suit.—Code, §§ 2402, 2403. Under
these statutes, we think, there is no limit to the power of
amending the allegations of a complaint, except that a party
should not be allowed to depart in the complaint entirely
from the process, or to substitute an entirely new cause of
action, or to make an entire change of parties. Either of
these things would be tantamount to the institution of a new
suit, and would not be an amendment of the old cause of
action. To amend the complaint, so as to show the capacity
in which the plaintiff sues, produces no inadmissible depart-
ure from the summons ; for, notwithstanding the summons is,
under the decisions of this court, deemed as one in favor of
the plaintiff as an individual, (see Agee v. Williams, 27 Ala.
644, and authorities therein cited,) yet it is permissible for
the plaintiff, upon general process, to declare as an adminis-
trator.—Tidd's Practice, 450 ; Chitty on Pleading, 250–251.
The amendment of the complaint, by showing that the
plaintiff claimed in his capacity of administrator, does not
substitute a new cause of action. The cause of action is
really the same. The amendment merely inserts that which
is necessary to secure a recovery upon the existing cause of
action, which was imperfectly set forth. It is true that there
was a complete cause of action set forth in the declaration ;
but, if no amendment is to be allowed, where its effect is to
vary a cause of action already averred, the power of amend-
ment would be restricted to those cases where the declara-
tion was defective on demurrer. Such a restriction would
be in conflict with the decision, upon a statute certainly not
more liberal than the Code, in *Ex parte* Ryan, 9 Ala. 90.
The allowance of such an amendment has a precedent, we
think, in the following cases : Huff v. Walker, 1 (Carter) Ind.
193 ; 13 U. S. Annual Digest, 35, § 44 ; Eaton v. Whita-
ker, 6 Pick. 465 ; Fry v. Evans, 8 Wendell, 530 ; Proctor v.

Andrews, 1 Sandf. Sup. Ct. R. 70 ; Smith v. Proctor, 1 *ib.* 72 ; 9 U. S. Annual Digest, (1849,) p. 29, § 29 ; Johnson v. P. & M. Bank, 23 Ala. 184 ; see, also, the authorities in Campbell's argument in the last case.

It is contended, however, that the declaration, as amended, sets forth a cause of action in the plaintiff as an individual, and not as an administrator, because the words " as administrator" are mere *descriptio personæ.* The only difference between the complaint in this, and in the case of Agee v. Williams, *supra,* in which the cause of action was held to pertain to the plaintiff as an individual, is, that in the former the amendment makes the plaintiff, as administrator, claim the negroes sued for ; while, in the latter, the word " administrator" was only found following the name of the plaintiff, in the description of the case which preceded the complaint. It is contended that no effect can be granted to this difference in the phraseology of the two complaints ; because, in the case of Gibson v. Land, 27 Ala. 117, the words " as trustee," succeeding the name of the plaintiff in the commencement of the declaration, were regarded as *descriptio personæ.* That case, however, was commenced before the adoption of the Code, in which the process was a writ, and the plaintiff's pleading a declaration. Under the system applicable to that case, it was necessary to show, by averment, that the title relied upon was that of the *cestui que trust* for whom the trustee acted ; and in the absence of such an averment, the declaration was held to be one by the plaintiff in his individual capacity.—1 Saunders on Pleading and Ev. 498, 499 and 500 ; 2 Chitty on Pleading, 841, 842 ; Wyatt's Adm'r v. Rambo, at this term.

The complaint in this case is in pursuance to the form prescribed by the Code. Those forms have the force of law. The form of complaint, in actions for the recovery of chattels, is as follows : " The plaintiff claims of the defendant the following slaves (or other personal property,) viz., &c., (describing it,) with the value of the hire, or use thereof, during the detention, to-wit, from the ―― day of ―――― ."—Code, page 552. Now it is evident from this form that, under the new system of pleading inaugurated by the Code, all averments as to the title are dispensed with ; and, indeed, that

every thing like averment is dispensed with. The only requisite to a good complaint is, to state that the plaintiff claims, and what he claims. It cannot be required of the administrator, who sues in detinue, that he should set forth the title of his intestate, without imposing upon him a duty from which the Code exempts him. Following the form prescribed in the Code, the appropriate mode of distinguishing the suits on the title of his intestate, is to state distinctly that he claims in his capacity of administrator. This is done by stating that the " plaintiff, as administrator," &c. To require more would be to impose a duty in pleading, of which the party is relieved by the Code.

The complaint being one under which the plaintiff might recover in his representative capacity, the court properly refused the several charges asked by the appellants. Upon the authority of Agee v. Williams, *supra*, it is clear that the plaintiff could not have recovered in this case, without the amendment of the complaint ; but it does not deny the right of a party to amend the complaint, in the particulars to which the complaint in that case was defective.

The judgment of the court below is affirmed.