## GEORGE *vs.* ENGLISH.

[DETINUE FOR SLAVE.]

1. *How administrator must declare.*—In detinue by husband and wife, jointly with a third person, if the complaint does not aver that the plaintiffs sue as administrators, the words "administratrix" and "administrator," following the names of the wife and the third plaintiff in the margin of the complaint, are mere words of description, and do not show the character in which the parties sue.

2. *Variance.*—Proof of a right of action by plaintiffs as administrators does not authorize a recovery under a complaint by them individually.

3. *Joinder of husband and wife.*—Husband and wife cannot join in detinue, when their right of action is founded on their prior possession, since such possession is, in law, deemed the possession of the husband alone.

APPEAL from the Circuit Court of Dallas.

Tried before the Hon. ROBERT DOUGHERTY.

THE complaint in this case was in these words :

"James George, and Matilda M. George, admr'x, and Ashley W. Spaight, adm'r, vs. Robert J. English.  The plaintiffs claim of the defendant the following slaves, to-wit, Patty, George, Sam, Nathan, David, Jane, Curtis, Maria, Albert, and Lilly; also, one mule, called Nelly ; with the value of the hire or use thereof. And plaintiffs aver, that the hire of said slaves, or the use thereof, from the 1st day of March, 1856, is reasonably worth $1,000 *per annum.*"

The defendant pleaded, in short by consent, *non detinet,* and *ne unques administrator ;* and issue was joined on these pleas.

On the trial, as the bill of exceptions states, the plaintiffs first offered in evidence letters of administration on the estate of Mrs. Letitia Ann McNair, deceased, which were granted by the probate court of Dallas, on the 5th September, 1853, to Matilda M. George and Ashley W. Spaight. They then proved, "that said Matilda M. George was, at the grant of said letters of administration, and is now, the wife of the plaintiff James George ;" that the slaves and mule sued for "were the property of said Letitia Ann McNair in her lifetime, and, at her death, went into their possession as her administrators ;" that said slaves were not bequeathed by the will of said L. A. McNair; that Mrs. M. M. George, one of the plaintiffs, was her sole distributee and heir-at-law; that said slaves remained in plaintiffs' possession until January, 1855, when they were delivered by Mrs. George, with the assent of said A. W. Spaight, to the defendant, in whose possession they were at the commencement of the suit. They further proved the value of the property and its hire, and a demand before suit brought. The defendant offered no evidence, but requested the court to charge the jury, that if they believed all the evidence in the case, the plaintiffs could not recover. The court gave this charge, and the plaintiffs

thereupon took a nonsuit; reserving an exception to the charge of the court, which they now assign as error.

D. W. BAINE, GEO. D. SHORTRIDGE, and J. R. JOHN, for appellants.—1. Where the wife is executor or administratrix, as her interest is in *autre droit*, she must join with her husband.—1 Chitty's Pleadings, 29; 2 Comyn's Digest, 232; 2 Williams on Executors, 697.

2. The action can be maintained on the plaintiffs' prior possession. The proof shows a joint possession by them; and Mrs. George's possession being in her representative character, her interest did not vest in her husband.— 1 Williams on Executors, 597; Roper on Husband and Wife, 187; Bell on Property of Husband and Wife, 67. Under the Code, (§ 2151,) the wife must be joined when she has an interest in the subject-matter of the suit. Although the suit is brought on the plaintiffs' possession, the title under which that possession was held cannot be disregarded; and where the title is shown, the possession is referred to that title. The plaintiffs have a right to recover as individuals, because the cause of action accrued after the death of their intestate; but the recovery is nevertheless upon their title as administrators.—Chitty's Pleadings, 73–4; 5 Johns. 66; McPhail v. Mosely, 14 Ala. 742; Mitchell v. Cowsert and Wife, 20 Ala. 186.

BYRD & MORGAN, and GEO. W. GAYLE, *contra.*—1. The complaint is in the names of plaintiffs individually, while the title proved (if any) accrued to them in their representative capacity.—Arrington v. Hair, 19 Ala. 243; Tate v. Shackelford's Adm'r, 24 Ala. 510; Gibson v. Land, 27 Ala. 117; Agee v. Williams, 27 Ala. 644; Crimm's Adm'rs v. Crawford, 29 Ala. 623; Wyatt's Adm'r v. Rambo, 29 Ala. 510.

2. If the action is sought to be maintained on the plaintiffs' prior possession, the misjoinder of the wife is fatal.—Walker v. Fenner, 28 Ala. 367; 1 Salkeld, 282.

WALKER, J.—The court charged the jury, that if they believed the evidence, they must find for the defend-

ant. This charge was undoubtedly correct. If upon the evidence the plaintiffs had any right of recovery, it was in their capacity of representatives of the estate of Letitia Ann McNair, deceased. If they have a right to the property, it pertains to them in their representative capacity. This point is plain, and is not disputed on either side. The complaint was by the plaintiffs in their individual, and not in their representative capacities; and is predicated upon their individual title, and not upon a title *in autre droit*. The complaint contains no word pointing to the representative capacity of the plaintiffs, save the words "*administratrix*," following the name of Matilda M. George, and "*administrator*" following the name of Ashley W. Spaight, in the margin; and there is nothing in the language of the complaint, to indicate the existence of a title in the plaintiffs as the representatives of an estate. The name of James George is found in the marginal description of the parties, and there is not even a word of description following his name. The complaint totally fails to explain that he is the husband of Matilda George, and therefore a plaintiff. It would seem, therefore, that the complaint would be considered as asserting the title of all three of the plaintiffs.

The words "administrator and administratrix," following the names of two of the plaintiffs, are mere words of description, as settled by this court in numerous cases. Crimm's Adm'rs v. Crawford, 29 Ala. 623; Wyatt's Adm'r v. Rambo, *ib.* 510; Agee v. Williams, 27 Ala. 644; Gibson v. Land, 27 Ala. 117; Chapman v. Spence, 22 Ala. 588; Tate v. Shackelford, 24 Ala. 510; Arrington v. Hair, 19 Ala. 243; Innerarity v. Kennedy, 2 St. 156.

In the case of Crimm's Adm'rs v. Crawford, 29 Ala. 623, the plaintiff amended his complaint by inserting after the word "plaintiff," commencing the declaration, the words "as administrator &c.;" so that the complaint would read "the plaintiff, as administrator *de bonis non* of Nancy Collins, deceased, claims." It was contended, that the complaint, thus amended, was in favor of the plaintiff as an individual, and that the words as administrator &c., occurring in the body of the complaint, were

38

mere *descriptio personæ ;* and that to constitute it a good complaint by the plaintiff in his representative capacity, it was necessary to aver the intestate's title. This court held, that by the Code all averments of title, in actions to recover personal property, were dispensed with; and that it was only necessary, in a suit by an administrator, to state distinctly that he sued in his capacity of administrator. It was decided, that that requisition was complied with, by the statement that the plaintiff, "as administrator of Nancy Collins, deceased, claims."

In this case, there is nothing to indicate that the plaintiffs claimed in a representative capacity; and to hold that a recovery could be had by them as administrator and administratrix, under the complaint, would destroy all distinction between suits in an individual and in a representative capacity. It would give the plaintiff a right to recover upon his own title, or that of his intestate, or both, under the same complaint.

The complaint was by the plaintiffs as individuals. If a title was proved, it pertained to them as administrators. The charge of the court was, therefore, correct.

It is contended, however, that the plaintiffs in this case may maintain this suit upon the prior possession, which the bill of exceptions shows they had. This argument is correct, unless the coverture of one of the plaintiffs makes a difference. It is the law, that the possession of personal property by the wife is the possession of the husband. Hence it is that the husband and wife cannot have an action of trover, and declare that they were both possessed of the goods.—Wilbraham v. Snow, 2 Saunder's Rep. top p. 136, marg. 474, note 1; Draper v. Fulkes, Yelverton, 166. And the husband and wife cannot join in an action of detinue, if the husband has had actual or constructive possession.—Spiers v. Alexander, 1 Hawks & E. (North Carolina) R. 67; Walker v. Nebane & Rainey, 1 Murph. 41; 6 Comyn's Digest, top p. 295, marg. 292. It it said in Chitty on Pleading, 74, that a declaration in trover, at the suit of husband and wife, should state that the wife was possessed before the marriage, or held the goods with him in her character of executrix; and if it be

merely stated that the husband and wife were possessed, the defendant may demur, for the possession of the wife is, in law, the possession of the husband.

An action of detinue may be maintained upon a prior possession, for the reason that, under the circumstances of the case, the law presumes a title from the possession. Now the law repudiates the idea of a joint possession by husband and wife, and says that the possession of both is the possession of the husband. The bill of exceptions states, that the property was in the possession of the plaintiffs, two of whom were a *feme covert* and her husband. This possession, in the eye of the law, was not the possession of the husband and wife and the third plaintiff, but the possession of the husband and the third plaintiff. Looking, therefore, to the possession merely, as the evidence upon which the suit is to be sustained, a right of action in George and Spaight alone, and not in George and wife and Spaight, is shown. A recovery upon such proof cannot be had, because a right of action in all the plaintiffs is not shown.

But it said, that the proof shows that the three plaintiffs were the representatives of the estate, and the possession must be referred to their title, and they must all be deemed to have been in possession. It is true that the possession is referrible to the title ; but, when the possession is referred to the title, for the purpose of showing a joint possession in all three, the possession becomes joint only because of the title, and the recovery must be by the plaintiffs in the capacity in which they have title. They have as individuals no joint possession, and consequently cannot as individuals recover upon a joint possession. As administrator and administratrix, they have a joint possession, resulting from a title in their representative capacity ; and consequently, upon that title or possession, they must sue in their representative capacity. From a possession the law infers title. From a possession, itself inferred from a title, the law could not infer a different title. From a possession in the three plaintiffs, inferred only from a title in their representative capacity, the law could not presume a title in them as individuals.

The authorities cited by the counsel show that, as a general rule, administrators who have been in possession of chattels belonging to the estate may sue as individuals; but the case of a husband and wife being joined in an administration is an exception to the rule, and is so recognized in Chitty on Pleading.—See 1 Chitty on Pl. 74; Ankerstein v. Clark, 4 Term R. 616; 6 Com. Dig. 495, marg. 500.

The case of Byrne and Wife v. Hoesen, 5 Johns. 65, is no authority against the foregoing views. That was an action to recover damages to the *land* of the wife; in which case, it is well settled, the wife may be joined with the husband, her interest in the land being stated in the declaration. 1 Chitty on Pleading, 74–75.

The judgment of the court below is affirmed.