AGEE *vs.* WILLIAMS.

[DETINUE FOR A SLAVE.]

1. *Amendment of complaint.*—Where the summons and complaint are in the
name of the plaintiff individually, the complaint may be so amended as to
show that he sues as administrator.
2. *Objection to deposition because taken before filing amended complaint.*—A deposition
will not be suppressed, because it was taken before the filing of an amended
complaint, where the object of the amendment was to put in issue the plain-
tiff's title as administrator, instead of his individual title ; nor is it neces-
sary, in such case, that the plaintiff should give notice, after the amendment,
that the deposition would be offered on the trial.
3. *Specific objection to deposition*—An objection to a deposition, on a specified
ground, is a waiver of all other grounds of objection.
4. *Amendment of complaint does not affect adverse possession.*—An amendment of the
complaint, putting in issue the plaintiff's title as administrator instead of
his individual title, is not to be regarded as the commencement of the suit,
so as to perfect an adverse possession by the defendant, which was not com-
plete at the commencement of the suit.

APPEAL from the Circuit Court of Monroe.
Tried before the Hon. THOMAS A. WALKER.

THE defendant in this case was summoned "to answer the complaint of James Williams, administrator of Edward Williams, deceased"; while the original complaint, as was decided by this court at its June term, 1855, (27 Ala. 644,) put in issue the plaintiff's individual title. After the remandment of the cause, on account of errors which intervened on the former trial, the circuit court permitted the plaintiff to amend his complaint, both in its body and in its marginal statement of the parties, so as to show that he sued as administrator of Edward Williams, deceased; the defendant objecting and excepting to the allowance of the amendment.

The defendant pleaded to the amended complaint, 1st, the general issue; and, 2d, "that he has had possession of the slave sued for, as his own property, more than six years and six months before the plaintiff, as administrator as aforesaid, commenced his suit"; and issue was joined on these pleas.

The defendant reserved several exceptions, during the progress of the trial, to the rulings of the court on the evidence, and in the instructions to the jury; all of which will be readily understood from the opinion of the court.

The assignments of error embrace all the rulings of the court below to which exceptions were reserved.

WM. P. LESLIE, for the appellant.

S. J. CUMMING, and WM. BOYLES, *contra*.

RICE, C. J.—When this case was here at a former term, we decided, that the plaintiff in the complaint, *as it then appeared*, was James M. Williams as *an individual*, and not *as administrator* of Edward Williams, deceased; and that it did not put in issue the title of any intestate, but only the title of said James M. Williams as an individual. That decision related to *the construction* of the complaint, but did not touch the question whether the complaint was *amendable*.—27 Ala. 644.

The only fact on which it was even argued that he, *as administrator*, was the plaintiff in the complaint as it then stood, was the statement in its margin as follows, "James M. Williams, Adm'r of Edward Williams, deceased, v. William R. Agee." Nothing then appeared in *the body* of the complaint, to show that he sued *as such administrator*, or that he put in issue the title of any intestate; and upon principle and authority, it is certain that we placed the proper *construction* upon the complaint, as then presented for our consideration.—See authorities cited in this case, 27 Ala. 644.

In Crimm's Adm'rs v. Crawford, at the last term, we recognized and enforced the common-law principle, that after the appearance of the defendant, upon process sued out in the name of the plaintiff in his own right, and not as administrator, the plaintiff was entitled to declare and proceed as administrator.—Holly v. Tipping, 3 Wilson's Rep. 61; Lloyd v. Williams, *ib.* 141; Rogers v. Jenkins, 1 Bos. & Pul. 384. We are not prepared to repudiate that principle, nor to hold that the common-law right of plaintiffs, in this class of cases, in respect to declaring in a special character upon general process, has been restricted or abridged by sections 2402 and 2403 of the Code. And as the plaintiff, upon the process in this case, had the right, in the first instance, to put his complaint in the form in which the amendment presents it, it is clear that, under the above cited sections of the Code, there was no error in allowing him to make the amendment. The principle above stated applies to all cases like the present, but not to such cases as Leaird v. Moore, 27 Ala. 326; Friend v. Oliver, *ib.* 533. A just and discriminating observance of that principle reconciles the decisions made in the cases last mentioned with the decision made in Crimm v. Crawford, and in the present case.

The objection of the defendant to the depositions of Hildreth and Axum was made for the first time on the trial, and is founded upon two specified grounds, as follows: 1st, that although the depositions were legally taken originally, they were taken before the amendment of the complaint; 2d, that no notice had been given that they

would be offered on any trial since the amendment. These grounds rest upon the assumption, that the amendment was of such a character as, *per se*, to render inadmissible against the defendant all depositions previously taken in the cause by the plaintiff, although they were legally taken, and contained relevant evidence, unless, after the amendment, the plaintiff gave notice that he would offer them on a subsequent trial. That assumption is not authorized by any provision of the law regulating the taking and use of depositions, nor by the nature of the amendment of the complaint made in this case. There was no error, therefore, in overruling the objection, founded as it was on the two specified grounds only. We do not notice any other grounds, because the defendant, by putting his objection on those two grounds, waived all others.—Creagh v. Savage, 9 Ala. 959.

The suit was commenced in October, 1853. The amendment of the complaint was not made until two years afterwards. The defendant had held the adverse possession of the slave in controversy, under claim of title, from August, or September, 1848. His adverse possession had not continued long enough, at the commencement of the suit, to give him title ; but had continued long enough at the time the amendment was made, to give him title, if no suit had previously been brought. The charge which he requested the court to give, assumes it to be law, that so far as the adverse possession of the defendant is concerned, the amendment of the complaint is to be regarded as the commencement of the suit. But that assumption is not authorized by law. The amendment was not the beginning of a new suit, but the correction of a fault in the pending suit,—the suit commenced in October, 1853 ; and if, at the commencement of that suit, the adverse possession of the defendant had not continued for six years, it could not bar a recovery under the amended complaint.

There is no error in the rulings of the court below, and its judgment is affirmed.