# WILLIAMS vs. MOORE.

### [DETINUE FOR SLAVES.]

1. *How administrator must declare.*—In detinue by an administrator, if the declaration does not aver that the slave sued for is assets of his intestate's estate, or otherwise show that he sues in his representative capacity, the words "administrator," &c., following the name of the plaintiff in the writ and the commencement of the declaration, are mere words of description.

2. *Replication to statute of limitation.*—In detinue by an administrator *de bonis non*, suing individually, a replication to a plea of the statute of limitations of six years, averring that the defendant derived title under an unauthorized sale by the administrator in chief, who was removed from the trust within less than six years before the commencement of the suit, is fatally defective on demurrer.

3. *Demurrer to defective replication to good and bad pleas.*—A bad replication is good enough for a bad plea, and hence a demurrer to such replication should be visited upon the plea; but this rule does not apply, where a defective replication is interposed to several pleas, one of which is good.

APPEAL from the Circuit Court of Dallas.

Tried before the Hon. JOHN GILL SHORTER.

THIS action was brought by Thos. M. Williams against David Moore, and was commenced in March, 1852. In the writ, and in the commencement of the declaration, the plaintiff was described as "Thomas M. Williams, administrator *de bonis non* on the estate of Peter Wyatt, deceased;" but he declared on his own individual title and possession, and there was no averment showing that he sued in his representative character. The defendant pleaded, "in short by consent, 1st, *non detinet;* 2d, the statute of limitations of three years; 3d, the statute of

Williams v. Moore.

limitations of six years; and, 4th, *ne unques administrator.*"
To the second, third and fourth pleas, the plaintiff replied,
"that Mary A. E. Wyatt and William Mock, in 1833,
took out letters of administration on the estate of Peter
Wyatt, deceased, from the orphans' court of Lowndes
county, the late residence of said Peter Wyatt; that
said administrators, without any order from said orphans'
court, sold said slave sued for in this action to defendant;
and that said administrators continued to act as such
until March, 1852, when they were removed from said
administration, and plaintiff was appointed by said court
administrator *de bonis non* of said estate." The court sus-
tained a demurrer to this replication, and its ruling is (*A*)
now assigned as error.

THOMAS WILLIAMS, and JNO. D. F. WILLIAMS, for the
appellant.

GEORGE W. GAYLE, *contra.*

WALKER, J.—[1–2.] The replication of the plaintiff
was clearly bad. It was no answer to the plea of the
statute of limitations of six years, which was a good plea.
The suit was by the plaintiff in his individual capacity.
George v. English, 30 Ala. 582; Agee v. Williams, 30 Ala.
636; Crimm v. Crawford, 29 Ala. 623; Rambo v. Wy-
att's Adm'r, 29 Ala. 510. The replication is framed upon
the idea, that the action is by the plaintiff in his repre-
sentative character, and signally fails to aver any thing
which would avoid the application of the statute of limi-
tations to the plaintiff's individual suit. It follows, that
if we look to the plaintiff's replication alone, we are bound
to decide, that the court committed no error in sustaining
the demurrer to it.

[3.] Is the case changed by the fact, that the court did
not visit the defendant's demurrer to the plaintiff's repli-
cation upon his own defective pleading? We think not.
The replication is put in as an answer to three pleas, two
of which were bad, and one good. A bad replication is
good enough for a bad plea; and hence, though the issue
of law is joined upon the bad replication, the judgment

must be against the defendant upon the defective plea. Gould's Pleading, 474, § 37. But we think a bad replication is not good enough for one good plea and two bad ones. If the court had looked back through the record for defects in the antecedent pleading, and visited its condemnation upon them as they were found, it would have given judgment against the defendant upon the two bad pleas, and would have been compelled at last to sustain the demurrer to the replication, because it was no answer to the remaining good plea. Thus it follows, that the sustaining of the demurrer to the replication, even though the court had done as the plaintiff contends it ought to have done, would have been inevitable, and the judgment would necessarily have been precisely as it was against the plaintiff upon his refusal to answer over after sustaining the demurrer to his replication. In any point of view, the result which the court attained was correct; and, therefore, the judgment is affirmed.