# FREEMAN *vs.* McCANN.

[ACTION ON STATED ACCOUNT.]

1. *How administrator may or must declare.*—The words "administrator," &c., following the plaintiff's name in the summons, and in the caption of the complaint, are, of themselves, mere *descriptio personæ*, and do not show that the plaintiff sued in his representative character.

:2. *Variance.*—Where the summons and complaint are in the name of the plaintiff individually, he cannot recover, on proof of a cause of action accruing to him as administrator.

APPEAL from the Circuit Court of Talladega. Tried before the Hon. ROBERT DOUGHERTY.

THE defendant in this case was summoned "to answer the complaint of Joseph D. McCann, administrator of all and singular the goods and chattels, rights and credits, which were of Christopher P. McCann, deceased;" and the same words followed the plaintiff's name in the margin of the complaint, though there was no averment that he sued as administrator, or that the recovery would enure to the estate; the cause of action, as stated in the complaint, being simply "the sum of $50, due by account stated, on the 25th June, 1856, with interest thereon." The defendant pleaded, in short by consent, *non assumpsit*, payment, and set-off. On the trial, as the bill of exceptions shows, the plaintiff adduced evidence tending to show an admission by the defendant of an indebtedness to Christopher P. McCann in his life-time; and the defendant introduced evidence tending to rebut the plaintiff's evidence. "On this state of facts, the court charged the jury, that if they believed, from the evidence, that the defendant did make the admission to C. P. McCann above referred to, and did owe him fifty dollars, and had not paid it, then the plaintiff would be entitled to recover the amount so admitted to be due, with the interest thereon." This charge, to which the defendant excepted, is the only matter assigned as error.

L. E. PARSONS, for appellant. JOHN HENDERSON, *contra*.

R. W. WALKER, J.—We are constrained to reverse this judgment. The words "administrator of all and singular the goods and chattels, rights and credits, of Christopher P. McCann, deceased," which follow the name of the plaintiff in the summons, and in the margin or caption of

the complaint, must be treated as *descriptio personæ* ; and: the suit must be regarded as the suit of the plaintiff as an. individual, not as an administrator.—*Agee v. Williams,* 27 Ala. 644; *Crimm v. Crawford,* 29 Ala. 623, (628.); The only cause of action proven, was one in favor of C. P. McCann in his life-time; and this could not authorize a recovery by the plaintiff, when suing in his individual character.

Judgment reversed, and cause remanded.