# Buckley *v.* Wilson.

*Action on Official Bond of Clerk of Circuit Court.*

| 56 | 393 |
| 98 | 452 |
| 56 | 393 |
| 137 | 492 |

1. *Description of plaintiff in complaint.*—The word *trustee*, following the plaintiff's name in the complaint, without the addition of any other words showing that he sues in that capacity, are mere *descriptio personæ*, and the action is his individual suit.

2. *Rulings on pleadings ; when revisable.*—Rulings on demurrers, shown only by the bill of exceptions, and not appearing in the judgment entry, are not revisable on error.

3. *Appeals from justices' court, under act of Dec. 24th, 1868, dispensing with security for costs.*—Under the "act relating to appeals from justices' courts," approved December 24th, 1868 (Sess. Acts, 439), which dispenses with security for the costs on affidavit being made that the party is unable to give security; an affidavit, which states that the person making it is unable to give any other security than a certain named person, is not a compliance with the terms of the statute, and does not authorize the clerk to take that person as sole surety; and an order of the probate judge, to whom the petition for a *certiorari* was addressed, directing the clerk to issue the writ as prayed, taking bond in a specified sum with said person as surety, is *coram non judice*, and affords no protection to the clerk.

APPEAL from the City Court of Montgomery.

Tried before the Hon. JOHN D. CUNNINGHAM.

This action was brought by A. A. Wilson, against Charles W. Buckley, as one of the sureties on the official bond of M. D. Brainard, as clerk of the Circuit Court of said county; and was commenced on the 16th September, 1873. The clerk's bond was dated the 18th July, 1868, and was conditioned for the faithful performance of his official duties, as prescribed by the statute. The complaint alleged, as a breach of this bond, that the plaintiff having obtained a judgment before a justice of the peace, on the 10th October, 1871, against *Arthur* (or *Oscar*, as the name is indifferently written in the transcript) McDaniel and Wilsey A. McDaniel, for $85 debt, and $5.85 costs, and the said Wilsey A. McDaniel having applied by petition for a *certiorari*, to remove said cause into the Circuit Court, the said Brainard accepted from her a bond, with R. H. Knox as sole surety, who was insolvent; that the plaintiff recovered judgment against said parties in the Circuit Court, on which an execution was returned "No property found," and plaintiff was prevented from making the money on his judgment by the insufficiency and insolvency of the said surety. The defendant filed several special pleas, to which, as the bill of exceptions states, demurrers were sustained by the court; but these rulings are not men-

tioned in the judgment entry, and, for that reason, are not considered by this court. The cause was submitted to a jury, "under agreement to give in evidence any matter that would be a good defense to the action under any special plea."

On the trial, as the bill of exceptions further shows, the defendant admitted all the facts alleged in the complaint, except as to the insufficiency and insolvency of said Knox, the surety on the *certiorari* bond; as to which fact, there was some conflict in the evidence. The defendant offered in evidence the petition for the *certiorari*, the affidavit accompanying it, the *fiat* of the probate judge indorsed on it, and the bond. The petition was addressed to the probate judge of Montgomery; the affidavit, which was made by said Wilsey A. McDaniel, stated "that the facts set forth in the foregoing petition are true and correct, and that she is unable to give any security on the bond except that of Robert H. Knox;" and the *fiat* of the probate judge, addressed to the clerk of the Circuit Court, was in these words: "Issue writ as prayed for, on giving bond in the sum of two hundred dollars, with Robert H. Knox as security." "The plaintiff *excepted* (?) to the admission of said petition, affidavit, *fiat* of the judge, and bond, as admissible evidence in this case. The court permitted it to go to the jury, as evidence of the reputed solvency of Knox; but instructed the jury, that it was not admissible as evidence for any other purpose; to which ruling of the court the defendant excepted."

" The foregoing was all the testimony introduced on the trial of said cause; and upon this testimony, and no other, the court charged the jury, that if said Brainard, when he approved said bond with R. H. Knox as surety thereon, believed said Knox to be sufficient security, and acted in good faith in so doing, then they must find for the defendant."

The assignments of error are: "1. This suit is prosecuted in the name of A. A. Wilson, while the case in which the bond was taken, and the bond itself, are in the name of A. A. Wilson, trustee. 2. The court erred in sustaining the demurrer to the 1st, 2d, and 3d special pleas. 3. The court erred in instructing the jury that the petition, affidavit, *fiat*, and bond, as set forth in the bill of exceptions, was admissible for no other purpose than of the reputed solvency of Knox. 4. The transcript shows that the Circuit Court had no jurisdiction in the case of *A. A. Wilson, trustee, v. Wilsey McDaniel et al.*, in which the *certiorari* bond was taken."

RICE, JONES & WILEY, with J. A. MINNIS, for appellant.

L. A. SHAVER, *contra.*

STONE, J.—There is nothing in the first assignment of error. A. A. Wilson, and "A. A. Wilson, trustee," without more, are one and the same name. Trustee, without stating for whom, or of what he is trustee, and when the complaint does not show that he sues in that capacity, is mere *descriptio persona*. A suit by A. A. Wilson, trustee, is a suit by A. A. Wilson; and in either form, if there be nothing else in the complaint, will sustain only such action as he can maintain in his own name.—*Agee v. Williams*, 27 Ala., 644; *Crimm v. Crawford*, 29 Ala. 626.

2. The ruling on the demurrers appearing only in the bill of exceptions, and not being shown in the judgment entry, no assignment of error based on such ruling will be considered here.—See *Petty v. Dill*, 53 Ala. 643.

3. The third assignment of error questions the ruling of the court, limiting the effect, as evidence before the jury, of the petition for *certiorari*, the affidavit attached to it, the *fiat* of the judge granting the *certiorari*, and the bond sued on. These papers, offered by the defendant below, "the court permitted to go to the jury, as evidence of the reputed solvency of Knox; but instructed the jury, it was not admissible as evidence for any other purpose." This charge was excepted to by appellant, who was defendant in the court below. It is contended for appellee that, inasmuch as the act "in relation to appeals from justices' courts," approved Dec. 24, 1868 (Pamph. Acts, 439), does not mention *certiorari* by name, its provisions do not extend to the latter form of proceeding. We do not consider it necessary to decide this question. That act relieves parties appealing from giving security, only when affidavit is made that they are *unable to give security*. The affidavit in this case, sworn to by the party petitioning for *certiorari*, was, that she was "unable to give any security on the bond, except" a certain named person. The *fiat* of the judge directed the clerk of the court to "issue writ as prayed for, on giving bond in the sum of two hundred dollars, with" the person who had been named in the affidavit as surety. Thereupon, the clerk took and approved the bond, with the person named in the affidavit and *fiat* as sole security. The affidavit made in this case does not conform either to the letter or the spirit of the statute, and furnished no warrant, authorizing the clerk to take the named person as sole security. Neither did the direction of the judge confer such authority. It was *coram non judice*, and void. The duty of approving the bond rested with the clerk; and he should not have approved it, unless the surety or sureties were sufficient.—Rev. Code, § 3257. See *McNutt v. Livingston*, 7 Sm. & Mar. 649, approved in *Governor v. Wi-*

*ley*, 14 Ala. 180. True, if the bond thus approved had been sufficient, the clerk would have incurred no liability. That question is not presented for our consideration. It was passed on by the jury, under an instruction from the court fully as favorable as appellant could claim.

The bond sued on was certainly legitimate evidence in the cause. It was part of plaintiff's evidence, necessary to his recovery. The other papers were wholly immaterial; and the charge of the court upon their effect as evidence could have worked no possible injury to the appellant.

No argument is offered here in support of the fourth assignment of error, and we do not feel called upon to notice it. We are not able, however, to discover any thing in it.

Judgment of the City Court affirmed.