# Marcy *v.* Howard.

91  133|
97  577|

### *Trespass Quare Fregit.*

1. *Words in complaint descriptive of person.*—The words, "who are the heirs of P. M. deceased," following the names of the plaintiffs in the complaint, are mere *descriptio personarum*, and not an averment that they sue as heirs.

2. *Waiver of demurrer.*—When the record shows a demurrer, but no ruling on it, it will be presumed to have been waived.

3. *Damages for trespass to lands; right of action as between heirs and administrator.*—The right of action for damages on account of a trespass to real estate, committed during the life of the deceased owner, is in h's personal representative, and not in his heirs, in the absence of statutory provision to the contrary.

[Marcy v. Howard.]

4. *What law governs personalty.*—It is a general principle of law, that personalty is governed by the *lex domicilii* of the owner, and not by the *lex rei sitæ.*

5. *Foreign statutes* are not matters of judicial cognizance, but must be proved.

6. *Foreign judgment.*—A judgment rendered by a court in Louisiana, in the matter of the succession to a decedent's estate, declaring that the petitioners, therein named, " are recognized as the sole and only children and heirs of their said deceased father, and as such put in possession of all the property and effects left by him at his demise," is not admissible as evidence to show title in them to personal property in Alabama, in the absence of proof of the laws of Louisiana as to its effect.

7. *Special administrator; amendment introducing new party.*—An administrator *ad litem* (Code, § 2283) is not a proper party to maintain an action to recover damages for a trespass to real estate, committed during the life of the deceased owner; and such action having been brought in the names of the heirs, he can not be joined with them as a plaintiff by amendment. ·

APPEAL from the Circuit Court of Baldwin.

Tried before the Hon. ·WM. E. CLARKE.

This action was brought by Daniel P. Marcy and others, heirs of Peter Marcy, deceased, against William L. Howard, to recover damages for alleged trespasses by the defendant on a large tract of land, cutting down pine trees, &c. ; and was commenced on the 13th April, 1887. The tract of land belonged to said Peter Marcy at the time of his death, which occurred on the 13th January, 1886; but neither of these facts was stated in the complaint. The complaint contained two counts, each commencing : " The plaintiffs, who are the heirs of Peter Marcy, deceased, claim of the defendant $2,500 as damages," &c.; the first count alleging that the trespasses were committed "heretofore, to-wit, on the 1st day of December, 1885, and prior and subsequent thereto;" and the second, that they were committed "heretofore, to-wit, on the 1st day of August, 1885, and on divers other days and times between that day and the day of the issuance of the summons and complaint in this case." The defendant demurred to the complaint, on the ground, in substance, that plaintiffs sued as heirs, and ·showed only a right of action in favor of the personal representative of Peter Marcy, deceased ; and after the death of the defendant, and the revivor of the suit against his administratrix, she interposed another demurrer òn the same ground; but the record shows no ruling on either of these demurrers. The defendant pleaded, (1) not guilty ; (2) that the possession of the premises was not in plaintiffs at the time of the commission of the alleged trespasses ; (3) that Peter Marcy, " through whom plaintiffs claim," was living at the time the alleged trespasses were committed ; and (4) that the possession, right and

[Marcy v. Howard.]

title, at the time the alleged trespasses were committed, was in said defendant, W. L. Howard—in substance, a plea of *liberum tenementum.* A demurrer was interposed to the fourth plea, but the record shows no ruling on it by the court; and the judgment-entry only recites that issue was joined.

On the trial, as the bill of exceptions shows, the plaintiffs offered in evidence a transcript, duly authenticated, of a judgment rendered on the 19th March, 1886, by the "Civil District Court of the Parish of Orleans, State of Louisiana," entitled, "In the Succession of Peter Marcy;" and it is stated that this was offered in evidence "for the sole purpose of showing that there was no administration of said Marcy's estate, and that all of his estate had been vested in plaintiffs by said decree." The court excluded the decree as evidence, and the plaintiffs excepted. The plaintiffs asked leave to amend their complaint, " by adding the name of said Daniel P. Marcy as special administrator of said Peter Marcy, deceased, as a party plaintiff;" and offered in evidence, as proof of his authority, a grant of such special letters of administration to him, on the 28th April, 1890, by the Probate Court of Baldwin county. The letters were granted on the petition of said Daniel P. Marcy, which stated the pendency of this action by the heirs, and that they were advised it was necessary to have an administrator of the estate made a party with them. The court excluded the letters as evidence, and refused to allow the proposed amendment; to which rulings the plaintiffs excepted. The court charged the jury, on request, that they must find for the defendant, if they believed the evidence; to which charge plaintiffs also excepted.

The rulings on evidence, the refusal to allow the amendment, the charge to the jury, and "the judgment overruling the demurrer to the fourth plea," are assigned as error.

THOS. H. SMITH, for appellants.—(1.) The demurrer to the fourth plea ought to have been sustained. Title can not be put in issue in an action of trespass, unless the possession is in dispute, and it becomes necessary to prove constructive possession.—2 Greenl. Ev., §§ 613–15; *Shipman v. Baxter,* 21 Ala. 458; *Boswell v. Carlisle,* 70 Ala. 247; *Cooper v. Watson,* 73 Ala. 252; *Beatty v. Brown,* 76 Ala. 269. (2.) The descent and distribution of personal property and personal rights is governed by the *lex domicilii,* and not by the *lex rei sitæ.* The Louisiana decree was properly certified, no objection was raised to its authentication, and the action is brought to enforce a right vested in plaintiffs by that decree. Peter Marcy died in Louisiana, the place of his residence, and the

[Marcy v. Howard.]

courts of Louisiana had jurisdiction of his personal estate, including *choses* in action. The decree vested these rights in the plaintiffs, and gave them the right to sue; and the interposition of an administrator would have been a useless ceremony. Code, §§ 2595–2601; Civil Code of La., §§ 988–9; *Harper v. Butler*, 2 Pet. S. C. 239; 15 Man., Gr. & Scott, 349, 364–5, or 109 E. C. L.; *Calhoun v. Fletcher*, 63 Ala. 574; *Leatherwood v. Sullivan*, 81 Ala. 458; *Fretwell v. McLemore*, 52 Ala 132; *Clemens v. Wilson*, 40 Ala. 219. (3.) The amendment of the complaint ought to have been allowed.—Code, § 2833; *Dwyer v. Kennemore*, 31 Ala. 406; *Harris v. Plant & Co.*, 31 Ala. 639.

F. G. BROMBERG, *contra.*—(1.) The record shows no ruling on the demurrer to the fourth plea, and it must be presumed to have been waived. (2.) At common law, the right of action to recover damages for a tort did not survive.—1 Chitty's Pl. 70. By statute in Alabama, the right to damages, in a case like this, is vested in the administrator, and not in the heirs.—Code, § 2601; *Ex parte Swan*, 23 Ala. 198; *Evans v. Welch*, 63 Ala. 254. (3.) The Louisiana decree can have no extra-territorial operation in vesting or devesting rights, in the absence of proof of the statutory provisions affecting it. 1 Amer. & Eng. Encyc. Law, 825, note 13; Story's Conf. Laws, §§ 513–14. (4.) The appointment of a special administrator was void.—Code, § 2833. If the appointment were regular, it would confer no right of action against Howard's estate, the claim being barred by the statute of non-claim.—Code, § 2238. (5.) Even if the special administrator had a right of action, he could not recover jointly with the heirs.—*McLeod v. McLeod*, 73 Ala. 45; *Pruitt v. Ellington*, 59 Ala. 458.

STONE, C. J.—The plaintiffs in this suit, in each count of the complaint, claim damages for an alleged trespass *quare clausum fregit*. They describe themselves as heirs of Peter Marcy, deceased. They aver the trespass was committed "on, to-wit, the 1st day of December, 1885, and prior and subsequent thereto," and that the lands on which the trespass was committed belonged to plaintiffs. The defendant demurred to the complaint, assigning as a ground that damages for such trespass are personalty, and that the right to sue for them vests in the personal representative, and does not descend to the heir. The record shows no ruling on this demurrer. It was no doubt overruled, as there was nothing in it. The complaint does not show that the trespass was committed in the life-time of Peter Marcy, the ancestor; and while the plaintiffs

[Marcy v. Howard.]

aver that they are his heirs, they do not show that they base their right of recovery on that relation. They do not sue as heirs. Such words are treated as mere *descriptio personarum*. *Agee v. Williams*, 27 Ala. 644; *Crimm v. Crawford*, 29 Ala. 623; *McCoy v. Watson*, 51 Ala. 466.

There was a demurrer by plaintiffs to defendant's fourth plea, and it is assigned as error that the court overruled that demurrer. The record fails to show any ruling on that demurrer, and hence we can not consider it.—3 Brick. Dig. 78, § 7; *Ib.* 705, § 82.

The present suit is an action of trespass to lands, and charges the defendant with cutting and removing timber therefrom. The lands, at the time of the alleged trespass, were the property of Peter Marcy, who subsequently died. The suit is by his heirs at law, and seeks to recover damages for cutting and removing the timber. The court charged the jury, in effect, that the heirs could not maintain the action, and there were verdict and judgment for the defendant.

Damage to real estate, or rather the right to recover compensation therefor, is personalty, and does not descend to the heir, but to the personal representative, in countries where the common law prevails.—*State, ex rel Nabors*, 7 Ala. 459; *Jordan v. Abercrombie*, 15 Ala. 580. It follows that, in the absence of a showing to the contrary, the right to sue in this case vested, on the death of Peter Marcy, in his personal representative, and not in his heirs.

It is shown in the record before us that Peter Marcy, at the time of his death, was a resident of Louisiana. It is a general principle of law, that personal estate, unlike realty, has no fixed *situs*, but that it follows its owner, wherever his residence may be. From this unquestioned principle, it is contended, that the devolution of the ownership and title of the claim which is the subject of the present suit, must depend on the law of Louisiana. And it is contended that, under that law, in certain conditions which it is claimed were complied with, the right to bring and maintain this suit, at the death of Peter Marcy, vested in his heirs, the present plaintiffs. The Louisiana statutes were not offered in evidence, and we can not know what their provisions are. Statutes of other States, like the laws of foreign countries, are not within our judicial cognizance, but must be proved.

A certified transcript from the Civil District Court, Parish of Orleans, Louisiana, was offered in evidence, objected to, and ruled out by the court. It was offered alone, unaccompanied by any offer to produce the statutes of that State, or to make any other explanatory or connecting proof. That tran-

script sets forth and exemplifies, with proper certificates, a judgment or decree of the said court, declaring that the plaintiffs in this suit, naming them, "be, and they are hereby, recognized as the sole and only children and heirs of Peter Marcy, their deceased father, and that as such they be put in possession of all the property and effects left by him at his demise, in the proportion of one fifth part to each." This order purports to have been based on a petition of the said heirs, "to be recognized and put in possession." The proceeding was no doubt *ex-parte*, for the order recites that the petition was filed one day, and the order was granted the next. The transcript fails to show that any person or persons were named as respondents, or defendants. This transcript was the only evidence offered tending to show plaintiffs' right to maintain this action.

We need not, and do not, declare what would be our ruling, if the statutes of Louisiana had been put in evidence, and had shown that, under an order such as that stated above, the children or heirs of a decedent succeed to the title and ownership of personal property, without the intervention of a personal representative. Whether such statutory regulation, if shown to exist, would or could have any extra-territorial operation, the condition of this record does not require us to determine. It is very certain that, in the absence of proof, we can not presume or assume that the State of Louisiana has a statutory system so entirely variant from our own. And the certified *ex-parte* order offered in evidence can not, in the slightest degree, supply the absence of statutory authorization. Plaintiffs showed no right whatever to maintain the present suit.

Here this opinion might close; for plaintiffs failing entirely to show any right to recover, any other ruling of the court could not possibly do them any injury. But the Circuit Court did not err in any of its rulings on the admissibility of testimony. Nor should the court have allowed the amendment offered. An administrator *ad litem* is not a proper party to maintain such a suit as this; and if he were, he could not be joined with the heirs as plaintiffs.—Code of 1886, § 2283.

Affirmed.