# Mobile & Ohio Railroad Co. *v.* Logan, Admr.

*Action by Administrator against Railroad Company to recover Damages for the killing of Intestate.*

1. *Pleading and practice; right of amendment.*—Where a complaint as originally filed proceeds in the name of L. as administrator of "Casper Rosanalger, deceased," and claims damages for the death of the intestate, and it develops on

the trial that the dead man's name was "Gasper Rosenllanger," and that L., the plaintiff, had been appointed administrator of Gasper Rosenllanger, and that the cause of action for which the suit was brought and which was being tried was the alleged wrong of the defendant resulting in the death of Rosenllanger, and that L. had not been appointed administrator of Caspar Rosanalger, it is proper for the court on motion of the plaintiff, to allow him to amend the complaint by striking out the name of Casper Rosanalger wherever it appears, and inserting in lieu thereof the name of Gasper Rosenllanger.

APPEAL from the Circuit Court of Bibb.

Tried before the Hon. JOHN MOORE.

This action was brought by the appellee, W. H. Logan, against the appellant, the Mobile & Ohio Railroad Company, to recover damages for the alleged negligent killing of plaintiff's intestate.

As originally brought the suit was by W. H. Logan as administrator of Casper Rosanalger, deceased. The plaintiff introduced evidence showing that deceased came to his death by being struck by a moving car on the road of the defendant. The plaintiff introduced other evidence tending to show negligence on the part of the defendant's employes.

It was shown by the evidence that the name of the person in suit was Gasper Rosenllanger, and not Casper Rosanalger, as alleged in the complaint, and that he had never been known by the latter name. After introducing the evidence the plaintiff rested and the defendant did not introduce any evidence, but moved the court to exclude all the evidence introduced on the part of the plaintiff, on the ground that there was a fatal variance between the allegations of the complaint and the proof; such variance being as to the name of the person shown to have been killed and the name of the deceased alleged in the complaint. The plaintiff asked leave to amend his complaint by striking out the name of Casper Rosanalger wherever it occurred therein and inserting in lieu thereof the name of Gasper Rosenllanger. In support of this motion the plaintiff offered the original letters of administration

issued to W. H. Logan upon the estate of Gasper Rosenllanger, and to prove that W. H. Logan was not the administrator of any estate known as the estate of Casper Rosanalger. The court denied the plaintiff's motion to be permitted to amend his complaint, and granted the defendant's motion to exclude the evidence, and thereupon there were verdict and judgment for the defendant. The plaintiff moved the court to grant a new trial upon the ground that the court erred in refusing the plaintiff leave to amend his complaint, and upon the further ground that the court had erred in its rulings upon the pleadings. The court granted the motion for a new trial and allowed the amendment. From the judgment granting the new trial the present appeal is prosecuted, and the rendition of such judgment is assigned as error.

J. M. FOSTER, for appellant.—The amendment was not allowable, since it effected an entire change of parties plaintiff.—*Western Railway of Alabama v. McCall,* 89 Ala. 375; *Davis Avenue Railroad Co. v. Mollan,* 57 Ala. 168; *Hallmark v. Hopper,* 119 Ala. 75; *Vinegar Bend Co. r. Chicago Title & Trust Co.,* 131 Ala. 411; 30 So. Rep. 776. The new trial should not have been granted on account of the court's rulings on the pleading, since those rulings were correct.—*Central of Georgia R. R. Co. v. Foshee,* 125 Ala. 199.

Under all the evidence, even if the proper plaintiff had been a party to the action, the defendant was entitled to the general charge and the verdict and judgment for the defendant should not have been set aside.—*L. & N. R. R. Co. v. Sides,* 129 Ala. 399; 29 So. Rep. 798.

LOGAN & VANDEGRAAFF, *contra.*—The amendment of the complaint as finally allowed by the court in granting a new trial was proper.—*Lucas v. Pittman,* 94 Ala. 620; *Longmire v. Pilkington,* 37 Ala. 296; *Crimm v. Crawford,* 29 Ala. 623; *Cen. of Ga. R. R. Co. v. Fishee,* 125 Ala. 223.

McCLELLAN, C. J.—Our very liberal statute of amendments has always been very liberally construed.

Pertinent to the question now before us, it has been held that the complaint of A B may be amended so as to stand as the complaint of A B as the administrator of C D, and *vice versa;* or, in other words, that a complaint may always be amended in respect of the capacity in which the plaintiff sues.—*Longmire v. Pilkington,* 37 Ala. 296; *Grimm v. Crawford,* 29 Ala. 623; *Lucas v. Pitman,* 94 Ala. 616. The theory upon which this ruling proceeds is that the amendment works no change of the sole plaintiff, A B in the case supposed, but that he is the plaintiff after amendment as he was before, though before he sued individually and after he sues in a representative capacity. Nor can an amendment as to the capacity in which the plaintiff sues be said to be a departure when the recovery sought in the original and amended complaint is the same, and the right of recovery is based upon the same transaction. Here the complaint as originally filed proceeded in the name of W. H. Logan as administrator of Casper Rosanalger, deceased, and claimed damages for the death of the intestate. It was developed on the trial that the dead man's name was Gasper Rosenllanger, that Logan had been appointed administrator of Gasper Rosenllanger, and that the cause of action for which the suit was brought and which was being tried was the alleged wrong of the defendant resulting in the death of Rosenllanger. Logan had not been appointed administrator of Casper Rosanalger, and it does not appear that there was or ever had been a man of that name. The complaint, therefore, was bad for misnaming plaintiff's intestate; and to correct this misnomer was neither the substitution of a sole new party, nor a departure from the case presented in the original complaint. The circuit court was in error in refusing to allow the amendment to be made, and in excluding all the evidence on the ground of variance and directing a verdict for defendant; and it did right in subsequently rectifying these errors by setting aside the verdict, granting a new trial and allowing the amendment to be made.

[Nash, Admrx. etc. v. Southern Railway Company.]

We have not been inattentive to the position and argument of counsel for appellant that the defendant was entitled to the affirmative charge aside from the supposed fatal variance between the complaint and the evidence as to the name of the dead man, and that, therefore, the circuit court erred in granting plaintiff a new trial, notwithstanding the error it had committed on the trial in refusing to allow the proposed amendment; but, assuming without deciding the soundness of the argument, if the position, that there was no evidence tending to support the complaint, is well taken, we yet cannot concur in the conclusion insisted upon, because we do not find that position to be well taken: We are unable to say that there was no evidence adduced tending to support the complaint, but we think there is such evidence. It would serve no good purpose on another trial for us to discuss this matter further.

Affirmed.